■ In the Matter of ROLAND J. AUSLANDER et al. v BENJAMIN NEWBERG, Respondent.—Application for judgment in the nature of mandamus denied, without costs, and petition dated June 1, 1976, dismissed. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.

## (June 24, 1976)

■ In the Matter of JOSEPH F. BELLANTONI, Respondent, v JEAN G. BELLANTONI, Also Known as JEAN G. FINCH, Appellant.—Appeals from orders of the Family Court of Otsego County, entered June 4, 1974 and September 6, 1974. Following hearings, the custody of the children of the marriage between the parties was ordered transferred from the appellant to the petitioner. We find no abuse of discretion on the part of the Family Court. We note that in addition to the hearings, the court relied on an investigation of the home circumstances together with personal interviews with each of the children. An examination of the record amply supports the decision of the court. Orders affirmed, without costs. Greenblott, J. P., Sweeney, Main, Herlihy and Reynolds, JJ., concur.

■ PATRICK MC PHERSON, Respondent, CATHLEEN R. MC PHERSON, Appellant.—Appeal from a judgment of the Supreme Court, entered February 19, 1975 in Clinton County, upon a verdict rendered at a Trial Term in favor of plaintiff. The defendant-wife appeals from a judgment which dissolved the marriage of the parties by reason of the cruel and inhuman treatment of the plaintiff by the defendant and granted further relief relative to custody, visitation, support, the marital residence and counsel fees. The only issues present on this appeal are (1) whether the proof was sufficient to support a jury verdict of cruel and inhuman treatment and (2) whether the trial court committed reversible error in charging the jury. The plaintiff testified that defendant often struck him, giving him a bloody nose on more than one occasion. On direct examination, in response to a question by her attorney as to whether she had hit her husband, she stated "I would say we had a few bodily scraps" and further testified that she had him arrested as the result of one physical altercation. Plaintiff, however, testified that he never assaulted defendant. Plaintiff additionally testified that defendant refused to have sexual relations with him, refused to perform such domestic chores as cooking and washing his clothes and often accused him of infidelity. This testimony was corroborated to a certain extent by other witnesses appearing on plaintif's behalf. On this record we conclude that there was ample proof to support the verdict herein. We find no reversible error in the portions of the charge or in the refusals to charge to which defendant objects. Judgment affirmed, with costs. Greenblott, J. P., Mahoney, Main, Larkin and Reynolds, JJ., concur.