■ DOLORES (TOPP) GARGUIOLO, Appellant, v DOUGLAS L. TOPP, Respondent.—Order insofar as appealed from unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court did not comply with the Child Support Standards Act in rendering its award. The court did not deduct the parties' contributions to FICA from their income. Moreover, the court improperly reduced the basic child support obligation by the amount of the child's earnings; the statute does not provide for such a reduction. The court may, however, vary the amount of the non-custodial

parent's pro rata share of the basic child support obligation if it finds the statutory amount to be "unjust or inappropriate" (Domestic Relations Law § 240 [1-b] [f]). The court may take into consideration the child's earnings when making that determination (Domestic Relations Law § 240 [1-b] [f]). However, if it chooses that alternative, the court must set forth in a written order "the factors it considered and the reasons for the level of support and such written order may not be waived by either party or counsel" (Domestic Relations Law § 240 [1-b] [g]). The court's decision here fails to comply with that statutory mandate. Consequently, the matter must be remitted to Supreme Court for further findings.

Supreme Court also abused its discretion by ordering defendant to pay child support directly to the child. Although at the time of the hearing the child was over 18 years old and attending college, he was living with plaintiff. He was not self-supporting, working only part time for minimum wage. His mother was providing him with a place to live and other necessary support. Under those circumstances, Supreme Court should have ordered defendant to pay child support to plaintiff. (Appeal from Order of Supreme Court, Erie County, Kane, J.; Decision, Ostrowski, J.—Child Support.) Present—Callahan, J. P., Boomer, Balio, Lawton and Doerr, JJ.