■ Sharon M. Koczaja, Appellant-Respondent, v Joseph S. Koczaja, Respondent-Appellant. [599 NYS2d 739] —Casey, J. Cross appeals from an order of the Supreme Court (Conway, J.), entered March 25, 1992 in Albany County, which, *inter alia,* ordered defendant to pay support for the parties' child.

The parties to this divorce action entered into an open-court stipulation which settled all issues relating to the divorce except for the issue of child support. Supreme Court calculated child support for the parties' one child under the Child Support Standards Act *(see,* Domestic Relations Law § 240 [1-b]) (hereinafter CSSA) and directed defendant, the noncustodial parent, to pay plaintiff child support in the amount of $159.17 per week. The order provided that defendant's child support obligation was retroactive to January 15, 1992, which the court found to be the first time after the effective date of CSSA that the issue of child support came before the court. Plaintiff and defendant cross-appeal from the order.

Plaintiff contends that the child support award contained in Supreme Court's order should have been made retroactive to the date of the first application for child support, which was in November 1988. We agree. Pursuant to statute, the child support provisions of an order entered in a divorce action "shall be effective as of the date of the application therefor" (Domestic Relations Law § 236 [B] [7] [a]; § 240 [1]), and the courts have consistently applied this general rule *(see, e.g., Lauria v Lauria,* 187 AD2d 888; *Urtis v Urtis,* 181 AD2d 1001, 1003; *see also, Wacholder v Wacholder,* 188 AD2d 130). Defendant contends that the prior award of pendente lite child support, which was made retroactive to the date of plaintiff's application, constituted an order of child support existing prior to the effective date of CSSA which, pursuant to Domes-

tic Relations Law § 240 (1-b) *(l),* could not, in the absence of a change in circumstances, be modified by the retroactive application of the final child support award calculated under CSSA. We find no merit in this contention. The pendente lite order provided temporary relief which was "intended to 'tide over the more needy party, not to determine the correct ultimate distribution' " *(Isham v Isham,* 123 AD2d 742, 743, quoting *Yecies v Yecies,* 108 AD2d 813, 814), and pendente lite awards are not subject to the same rules as a permanent award *(Krantz v Krantz,* 175 AD2d 863, 864). The order on appeal here was entered in the parties' divorce action and its purpose was not to modify an existing child support award but to determine the correct ultimate distribution of the parties' child support obligations. The general rule requiring that an award be effective as of the date of the application is, therefore, applicable to the order on appeal.*

Citing *Chasin v Chasin* (182 AD2d 862), defendant also contends that Supreme Court had the discretionary authority not to make the child support award effective retroactively. We conclude, however, that the *Chasin* case represents an exception to the general rule based upon peculiar facts and circumstances which are not present in this case.

On his appeal, defendant contends that because plaintiff's parents have provided plaintiff and the child with free housing, the child support award calculated in accordance with the guidelines of CSSA was unjust or inappropriate *(see,* Domestic Relations Law § 240 [1-b] [f]). In *Lenigan v Lenigan* (159 AD2d 108, 112), this Court held that when a party is directed to make the mortgage payments on the primary residence of his ex-wife and child, it is improper to require that party to pay the child support obligation derived from the CSSA formula, which includes an allowance for sheltering the child. In the case at bar, however, defendant is not required to pay both the CSSA basic child support obligation and a portion of the child's housing costs. There is no unjust or inappropriate duplication.

Although plaintiff's parents have provided free housing in the past, there is no evidence in the record that they have obligated themselves to provide free housing in the future. Nor is there any evidence as to the value of the free housing.

---

\* Plaintiff's application for child support is contained in an order to show cause dated November 8, 1988. The action, however, was not commenced until November 19, 1988 and, therefore, the award should not be made retroactive prior to that date *(see, Wacholder v Wacholder, supra,* at 136).

That the child has free housing available may be a relevant factor to be considered in determining whether the noncustodial parent's pro-rata share of the basic child support obligation is unjust or inappropriate *(see, Matter of Monroe County Dept. of Social Servs. v Pendleton,* 172 AD2d 1041), but it is only one of many factors to be considered (Domestic Relations Law § 240 [1-b] [f]). Considering all of the relevant facts and circumstances, we conclude that defendant's pro-rata share of the basic child support obligation derived from the CSSA formula is neither unjust nor inappropriate. We also see no abuse of discretion in Supreme Court's failure to attribute or impute income to plaintiff based upon the free housing *(see,* Domestic Relations Law § 240 [1-b] [b] [5] [iv] [D]).

We reject defendant's final contention that Supreme Court erroneously included in its child support award $31.19 per week as defendant's share of the child care expenses incurred by plaintiff. The record establishes that plaintiff is working and that she incurs child care expenses as a result thereof. Pursuant to Domestic Relations Law § 240 (1-b) (c) (4), Supreme Court was, therefore, required to determine reasonable child care expenses, which are to be "prorated in the same proportion as each parent's income is to the combined parental income". Based upon the evidence in the record, we cannot say that Supreme Court erred in its determination of reasonable child care expenses.

Weiss, P. J., Levine, Crew III and Harvey, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by deleting the decretal paragraph and substituting therefor the following: "Ordered that the Defendant shall pay to the Plaintiff child support in the amount of One hundred fifty-nine and 17/100 dollars ($159.17) per week retroactive to November 19, 1988, less child support payments actually made by defendant either by prior court order or voluntarily. The retroactive amount due shall be payable in fifty-two (52) equal weekly installments to be paid along with the weekly child support payment beginning with the first child support payment due after entry of this order.", and, as so modified, affirmed.