■ FRANKLIN P. E. GUNERATNE, Respondent, v BARBARA GUNERATNE, Appellant. [625 NYS2d 354] —Mikoll, J. P. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Charde, Jr., J.H.O.) granting, *inter alia,* plaintiff a divorce, entered May 6, 1993 in Orange County, upon a decision of the court.

The parties were married in 1971 and have three children: Kathleen, born in 1974, Elizabeth, born in 1977, and Peter, born in 1979. Plaintiff, a doctor, started his own practice in 1974. Defendant managed the practice and the family's

finances from the beginning until she left the marital home with the two youngest children in March 1989 and went to Texas with them. Plaintiff has been paying Kathleen's college education expenses in full.

Defendant's argument that Supreme Court erred in granting plaintiff a divorce based on cruel and inhuman treatment because plaintiff did not prove that defendant's conduct was harmful to plaintiff's physical or mental well-being lacks merit. Supreme Court has wide discretion where the grounds are cruel and inhuman treatment *(see, Brady v Brady,* 64 NY2d 339, 345; *Ostriker v Ostriker,* 203 AD2d 343, 344) and its decision will not be lightly overturned *(see, William MM. v Kathleen MM.,* 203 AD2d 883, 884). Review of the record indicates that Supreme Court properly exercised its discretion in this case.

Supreme Court's judgment was based on the following limited but sufficient findings: that plaintiff had every reason to believe that defendant was having an adulterous relationship; that defendant had improperly removed the children from the marital home and taken them to Texas; that defendant had taken $275,000 from plaintiff's Keough account without his permission; that defendant defied a Supreme Court order directing her to return the funds; and that defendant had also denied plaintiff conjugal relations for at least 10 months before the commencement of the action. Evidence of an extramarital affair is a sufficient ground to grant a divorce on cruel and inhuman grounds *(see, Clarkson v Clarkson,* 103 AD2d 964, 964-965; *Barry v Barry,* 93 AD2d 797; *Fritz v Fritz,* 88 AD2d 778). The evidence presented supports plaintiff's belief that an extramarital affair was going on. Additionally, there was evidence that defendant refused to have conjugal relations with plaintiff for 10 months *(see, Mc Pherson v Mc Pherson,* 53 AD2d 791). Expert medical testimony concerning the effect of these actions on plaintiff's physical or mental well-being is not necessary *(see, Brooks v Brooks,* 191 AD2d 1042, 1043). Thus, the judgment of divorce on cruel and inhuman treatment grounds should be affirmed.

Defendant's contention that Supreme Court abused its discretion by not distributing the marital assets on an equal basis is not persuasive. Supreme Court considered the statutory factors set forth in Domestic Relations Law § 236 (B) (5) (d) and properly reasoned that, had defendant not defied the court order to account for or return the $275,000, defendant would have been entitled to one half of the marital assets. Supreme Court correctly opined that "[e]quitable distribution

is a *per se* equity action" and that "[o]ne cannot seek the benefits of equitable relief while flouting the orders of the Equity Court" *(see, Vasquez v Zambrano,* 196 AD2d 840; *Matter of Coger v Cusumano,* 191 AD2d 493, 495). Moreover, on the basis of defendant's "economic misconduct" alone, a 70%-30% division of marital property is reasonable *(see, Conceicao v Conceicao,* 203 AD2d 877, 879). We have reviewed Supreme Court's award of maintenance and find no abuse of discretion *(see, Liadis v Liadis,* 207 AD2d 331).

Supreme Court erred, however, in ordering payment of retroactive child support through trust funds set up by plaintiff to provide for the future education of the children. Domestic Relations Law § 236 (B) (7) (a) provides that an award of child support is effective as of the date of the application for it *(see, Koczaja v Koczaja,* 195 AD2d 693, *lv denied* 83 NY2d 756). Such an award of arrears is payable in either one sum or periodic sums *(see,* Domestic Relations Law § 236 [B] [7] [a] [suggesting that the award is to be a money judgment]). The retroactive sum should be paid to the parent who has expended funds to support the child and not to the child *(see, Garguiolo v Topp,* 184 AD2d 1027, 1028). Thus, the retroactive support should be paid directly to defendant and plaintiff should be directed to pay for the children's college expenses *(see, Behrens v Behrens,* 143 AD2d 617, 620).

Defendant's argument that plaintiff should be directed to provide health insurance for her benefit is also meritorious. Defendant is unemployed, has ongoing health problems and plaintiff has the means to provide health insurance for her. Domestic Relations Law § 236 (B) (8) (a) authorizes Supreme Court to order a party to maintain health and/or life insurance for the other party's benefit. We therefore find that plaintiff should pay the health insurance coverage for defendant while she is unable to provide the coverage for herself through employment until, but not after, his maintenance obligation expires. However, Supreme Court correctly refused to order plaintiff to pay for life insurance coverage on his own life for defendant's benefit *(see, Wilbur v Wilbur,* 130 AD2d 853) in view of her economic misconduct and the share of marital assets she has received via equitable distribution.

We have considered defendant's other claims of error and find them without merit.

White and Peters, JJ., concur.

Crew III, J. (concurring in part and dissenting in part). We concur with the majority's conclusion that defendant's "eco-

nomic misconduct" is sufficient reason to justify the 70%-30% division of the marital property and the refusal to order plaintiff to pay for life insurance coverage on his life for defendant's benefit. For the same reason we disagree with the majority's conclusion that Supreme Court abused its discretion in refusing to order plaintiff to provide health insurance for defendant's benefit. Defendant improperly converted $275,000 of the couple's assets and most assuredly can, as Supreme Court found, provide for her own health insurance.

Mercure, J., concurs. Ordered that the judgment is modified, on the law and the facts, without costs, by deleting therefrom the provision establishing two $44,000 trust funds by plaintiff for the future education of the children Elizabeth and Peter; it is ordered that (1) plaintiff pay for health insurance coverage for defendant until plaintiff's maintenance obligation ceases, (2) plaintiff pay directly to defendant, in a lump sum or in sums to be set by the Supreme Court, the retroactive child support, and (3) plaintiff pay the college expenses of all the children; and, as so modified, affirmed.