■ ROLAND RENAUD et al., Appellants-Respondents, v ST. LAWRENCE COUNTY et al., Respondents-Appellants. [650 NYS2d 367] —Cardona, P. J. Cross appeals from an order of the Supreme Court (Demarest, J.), entered November 28, 1995 in St. Lawrence County, which, inter alia, partially granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Keith Renaud (hereinafter plaintiff) and his estranged wife are the biological parents of three sons: twins, born in 1990, and another child, born in 1991. In 1992, plaintiff was convicted of felony child abuse in Arizona for striking his wife's son from a previous relationship whom plaintiff had legally adopted.[1] Several days after plaintiff's release from jail in September 1992, he left Arizona and relocated to upstate New York to live in the vicinity of his parents, plaintiffs Roland Renaud and Shirley Renaud (hereinafter the Renauds), in the Town of Canton, St. Lawrence County. After living with his parents and in other places, plaintiff moved into a single room in a rooming house and obtained part-time employment.

In the beginning of March 1993, plaintiff's wife contacted plaintiff and requested that the three youngest children come to New York on a temporary basis to live with him since she was having financial problems. Plaintiff told his wife he could not take physical custody of the children but suggested that they be placed in the care of the Renauds. Plaintiff's wife agreed; the Renauds drove to Colorado where the children were living, picked them up on March 15, 1993, and returned with them to Canton. Notably, in late May 1993, plaintiff's

---

1. Although the record is not clear on this point, plaintiff alleges that there was no order of protection or court order prohibiting him from being alone with his children.

wife sent a letter to the Renauds informing them that she desired the return of the children.[2]

On June 17, 1993, plaintiff's wife arrived at the Renauds' home to pick up the children accompanied by two Deputy Sheriffs, defendants Darrel Whitton and Alan Huckle. While plaintiff's wife waited outside, the Renauds invited the Deputies inside. By coincidence, plaintiff was visiting at that time. The Renauds indicated that they wanted to keep the children; however, they also told Whitton that they did not have custody of them pursuant to a court order. Whitton alleges that he told plaintiff that if he was willing to take custody of the children at that time he would advise their mother to go to Family Court. Plaintiff responded that he was not prepared to take custody. Although plaintiff alleges that he voiced an objection to his wife taking the children, Huckle testified at his examination before trial that plaintiff told his mother, "Ma, don't fight it, you knew she was coming to get the children."

As a result of the Deputies' participation in the transfer of physical custody of the three children from the Renauds to plaintiff's wife, the Renauds and plaintiff, individually and on behalf of his three children, commenced this action alleging numerous tort claims and allegations that their civil rights were violated as a result of defendants' interference with custodial relationships and denial of access to the courts of New York. After joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion against plaintiff, individually, and the Renauds. Plaintiff's claims on behalf of his three children were stayed and removed from plaintiff's control and a guardian ad litem was appointed to represent the children's interests. Plaintiff appeals.[3] Defendants cross-appeal, *inter alia*, the denial of their motion with respect to claims interposed on behalf of the children.

Initially, we conclude that Supreme Court appropriately dismissed the individual claims advanced by plaintiff. Plaintiff contends that the Deputies went to the Renauds' house for the avowed purpose of transferring custody of the children from

---

2. The Renauds indicated that they did not wish the children to return to their mother because they were apparently filthy and in a neglected condition when they retrieved them in March 1993.

3. Although the Renauds filed a notice of appeal along with plaintiff, an affidavit in the record from their attorney states that the Renauds have elected not to proceed with their appeal. Issues related to the dismissal of their claims are not addressed in the appellate briefs and, accordingly, are deemed abandoned (*see, Transamerica Commercial Fin. Corp. v Matthews of Scotia*, 178 AD2d 691, 692, n 1).

him, the father, to the mother. However, the situation actually presented to the Deputies was that of a mother legally entitled to custody attempting to regain physical custody from the children's paternal grandparents who had no custodial rights. Plaintiff conceded at his examination before trial that he did not have physical custody of the children when their mother arrived and he was in fact unprepared and unwilling to assume physical custody at that time. It is clear from his testimony that to the extent he asserted himself during the transfer, it was on behalf of the Renauds, whose rights were not superior to those of the children's mother. Thus, to the extent plaintiff alleges interference with parental custody, we find the argument unpersuasive since, *inter alia*, plaintiff neither had nor was seeking physical custody at the time.

With respect to the remaining torts alleged by plaintiff, we note that the record is devoid of any suggestion that there was an infliction of intentional harm upon plaintiff, a necessary element to a cause of action for prima facie tort (*see, Freihofer v Hearst Corp.*, 65 NY2d 135, 142-143; *Belsky v Lowenthal*, 62 AD2d 319, 322, *affd* 47 NY2d 820). Furthermore, although he contends that the transfer of physical custody of the children from the Renauds to their mother constituted extreme and outrageous conduct so as to support a cause of action for intentional infliction of emotional distress (*see, Freihofer v Hearst Corp., supra*, at 143), we find no support in the record for these conclusory assertions. Similarly, plaintiff asserts that the elements of false arrest are present in this case, but the proof establishes that plaintiff was not arrested, detained, stopped or interfered with in any manner by the Deputies (*see, e.g., Pantazis v Bleau Towing Serv.*, 145 AD2d 816, 817).

Plaintiff also contends that the Deputies' precipitous actions deprived him of the right to establish New York as the home State of the children for purposes of the Uniform Child Custody Jurisdiction Act (Domestic Relations Law § 75-a *et seq.* [hereinafter UCCJA]) since he was only three months into the six-month period provided by the UCCJA (*see*, Domestic Relations Law § 75-d [1] [a] [ii]). We disagree. It is undisputed that the children resided in Arizona until the end of 1992 and lived in Colorado until March 1993. Accordingly, following the children's move to the Renauds' home in Canton, New York had jurisdiction and there was no other State with contacts sufficient to establish jurisdiction under New York's version of the UCCJA (*see*, Domestic Relations Law § 75-d [1] [d] [i]). There is no question that plaintiff had consulted an attorney and knew for several weeks that his wife was planning to regain

physical custody of the children. However, he delayed, for whatever reason, taking any judicial action. Since plaintiff's custodial rights were not interfered with, we find that he was not deprived of any right secured under law and did not establish a claim under 42 USC § 1983 (*see, La Belle v County of St. Lawrence*, 85 AD2d 759, 760).

Finally, we agree with defendants that the claims alleged by plaintiff on behalf of the children should have been dismissed. Our review of the record reveals no set of facts suggesting that the children have a cause of action against defendants for false arrest or false imprisonment, nor is there evidence of emotional or physical injury to the children as a result of being peacefully placed in the custody of their mother. Accordingly, defendants' motion to dismiss these claims should have been granted.

White, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, with costs, by reversing so much thereof as denied defendants' motion for summary judgment dismissing the claims of plaintiffs Brayden K. Renaud, Bryce A. Renaud and Ethan S. Renaud and granted ancillary relief; motion granted to that extent and the claims of said plaintiffs are dismissed; and, as so modified, affirmed.