■ MARILYN WALASEK, Respondent, v PAUL WALASEK, Appellant. [664 NYS2d 626] —Mikoll, J. Appeal from that part of a judgment of the Supreme Court (Rose, J.) ordering equitable distribution of the parties marital property, entered October 31, 1995 in Broome County, upon a decision of the court.

Plaintiff and defendant were married in June 1986. It was a second marriage for both parties. During the marriage defendant adopted plaintiff's child by a previous marriage. Plaintiff commenced this action for divorce on September 30, 1993. A default divorce decree was issued and custody of the child was awarded to plaintiff. Following a nonjury trial Supreme Court awarded equitable distribution of the parties' assets but made no award for child support.

Supreme Court determined, *inter alia*, that the total marital property ($89,735) would be distributed 70% to plaintiff and

30% to defendant. The court found that (1) plaintiff contributed a substantial amount of her separate property to the marriage, (2) defendant converted $12,000 of marital funds just two months prior to this action, (3) defendant violated a court order by breaking into the marital residence and taking property, (4) defendant misrepresented his net worth in bank loan applications and failed to report interest income to the Internal Revenue Service, (5) defendant "sought to avoid straight forward answers" while testifying, and (6) defendant had previously been convicted of destroying records. The court concluded that, after a setoff of $16,500, representing a loan to defendant by plaintiff which was determined to be a debt of defendant, and deductions for marital property already in defendant's possession, defendant's distributive share of the property in question was calculated as $3,375 (excluding $2,000 in US Savings Bonds because of uncertainty at trial as to which party had possession of them). Judgment was entered on October 31, 1995.

More than a year following entry of judgment, defendant moved for a retroactive extension of the 15-day time limit (*see,* CPLR 2004) to apply to set aside or modify Supreme Court's judgment pursuant to CPLR 4404 (b) and 4405. Supreme Court denied this motion. Defendant appeals from the original judgment of the court and, despite the fact that defendant did not appeal the order denying reconsideration, defendant included numerous documents submitted on that motion. Plaintiff has objected to the inclusions and the issue was reserved to the decision of this appeal. Pages 1,262 through 1,467 of the record herein and any references thereto are disregarded on this appeal (*see, Renaud v St. Lawrence County,* 233 AD2d 710, 711, n 3; *Transamerica Commercial Fin. Corp. v Matthews of Scotia,* 178 AD2d 691, 692, n 1). Moreover, because defendant made no showing that the posttrial papers presented could not have been produced at trial and defendant in his posttrial motion was merely attempting to show that the court had overlooked significant facts or misapplied the law, this motion is more correctly characterized as a motion for reargument and is not appealable as of right (*see, Matter of Town of Poestenkill v New York State Dept. of Envtl. Conservation,* 229 AD2d 650, 651; *Spa Realty Assocs. v Springs Assocs.,* 213 AD2d 781, 783).

Defendant's contention that Supreme Court's evaluation of the market value of the marital residence, taken from the testimony of plaintiff's expert, is so artificially low as to be reversible error is rejected. "Supreme Court has broad discretion in crediting the testimony of an expert witness" in determining

value especially where the expert is fully accredited (*Greenman v Greenman*, 175 AD2d 360, *lv dismissed* 78 NY2d 1124; *see, Yasparro v Yasparro*, 207 AD2d 445, 446). "Inasmuch as the weight to be attributed to conflicting expert testimony is left to the trier of fact, this Court will not interfere with Supreme Court's exercise of discretion" (*Garvey v Garvey*, 223 AD2d 968, 972 [citation omitted]; *see, Lauria v Lauria*, 187 AD2d 888, 889).

Here, plaintiff's expert, Robert Congdon, was a fully accredited full-time real estate appraiser and the record indicates that he made a full inspection of the interior and exterior of the marital residence and of a sufficient number of comparable residences within a 15-mile radius. Congdon testified that the real estate market in the area was a generally falling market. In contrast, defendant's expert, Donald Ogden, was principally a real estate broker who utilized a cost approach method in evaluating the property. Ogden was unable to explain the concept of gross adjustments to comparables to Supreme Court's satisfaction and was uncertain as to the details of the interior of the house and failed to note obvious defects and depreciation, including a noncontinuous main support beam. Significantly, all three of the comparables were located in a more upscale neighborhood, 20 miles away. Ogden admitted that he had neglected certain steps and would have done a better job if he had known that he was going to court.

The record contains sufficient evidence to support the findings of plaintiff's expert and the objections raised by defendant, involving questions of credibility and quality of proof, are factors properly left to the trier of fact to resolve (*see, Monette v Monette*, 177 AD2d 802; *see also, Northern Westchester Professional Park Assocs. v Town of Bedford*, 60 NY2d 492). Defendant has failed to demonstrate that Supreme Court abused its discretion in accepting the testimony of plaintiff's expert witness over that of defendant's expert.

Defendant's argument that Supreme Court's refusal to allow the earlier report of plaintiff's expert into evidence requires reversal of the judgment is also without merit. Congdon testified that shortly before the parties' marital residence was built in 1988, he signed as "review appraiser" on an appraisal on the residence performed by Clifford Olin, an independent contractor. Congdon stated that his role in the appraisal, which valued the residence at $150,000, was limited to reviewing the appraisal for general technical clarity. In refusing to accept the report into evidence, Supreme Court informed defense counsel that if he was going to be able to establish that Congdon took

the same role in both appraisals, he would give his ruling a second look; defense counsel stated flatly that there was "no way" he could do this and did nothing further in regard to the matter.

Thus, although Supreme Court indicated that defense counsel could revisit the issue, defense counsel failed to do so and thereby abandoned the issue (*see, Osborne v Schoenborn,* 216 AD2d 810, 811). In any event, Supreme Court's ruling was correct as the record shows that Congdon had checked the "did not inspect the property" box. Further, any error was harmless because the proof indicated that real estate values in the late 1980s had declined significantly by 1995 (*see, e.g., Garvey v Garvey,* 223 AD2d 968, 972, *supra*).

Also without merit is defendant's claim that Supreme Court erred in failing to take into consideration defendant's larger contribution to the marital residence and furnishings, by improperly distributing the household furnishings and in its characterization of the $16,500 payment to defendant's daughter as a loan. Supreme Court's characterizations and findings in regard to these assets were within the proper exercise of its discretion and supported by the record. Property acquired during the marriage is presumed to be marital property and the party seeking to overcome such presumption has the burden of proving that the property in dispute was separate property (*see, McSparron v McSparron,* 190 AD2d 74, 77). The phrase "marital property" is to be broadly construed while the phrase "separate property" is to be narrowly construed (*see, Price v Price,* 69 NY2d 8, 15). Once separate property is commingled with marital funds it becomes marital property (*see, Carney v Carney,* 202 AD2d 907, 908). In view of the trial court's wide discretion in making equitable distribution, we find no abuse of discretion in the characterizations and findings of Supreme Court as to matters raised by defendant.

Finally, we find no error in Supreme Court's 70%-30% division of the marital assets in favor of plaintiff. Here, defendant sought equitable benefits yet disregarded the orders of the court (*see, Guneratne v Guneratne,* 214 AD2d 871, 872-873). Supreme Court was under no obligation to divide the marital property equally and economic misconduct by a party may be a sufficient basis for a 70%-30% division of the marital property (*see, id.; see also, Conceicao v Conceicao,* 203 AD2d 877, 879).

Cardona, P. J., Mercure, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.