■ Janet E. Posson, Respondent, v Michael H. Posson, Appellant. [662 NYS2d 640] —White, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered December 5, 1996 in Chenango County, which fixed, *inter alia*, defendant's child support and maintenance obligations.

On a prior appeal (229 AD2d 690), we, *inter alia*, remitted this matter to Supreme Court to determine whether it would be unjust or inappropriate to establish defendant's child support obligation predicated upon his annual imputed income of $23,450. Following a hearing, Supreme Court answered our inquiry in the negative, fixing defendant's weekly child support obligation at $130 less a $40 per week credit for the costs of the children's health care coverage, resulting in a net weekly payment of $90. Defendant appeals. Our discussion will be confined to the propriety of the amount of defendant's child

support obligation since the other issues he raises in his brief are beyond the scope of our remittitur (*see, West v West*, 115 AD2d 601, 602).

The primary argument advanced by defendant is that Supreme Court should have deducted from his gross income the $5,200 annual court-ordered maintenance payment he must make to plaintiff for five years. The Domestic Relations Law does provide that maintenance paid pursuant to an existing court order to a spouse who is a party to the action can be deducted from the payor spouse's gross income if the order provides for a specific adjustment in the amount of child support upon the termination of the maintenance payments (Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]). Supreme Court's order does not contain such a provision; however, it has been noted that such a provision should be included in a permanent order of maintenance and support (*see, Polychronopoulos v Polychronopoulos*, 226 AD2d 354, 356; *Lenigan v Lenigan*, 159 AD2d 108, 111). Because we have the same power and discretion as does Supreme Court (*see, Brady v Ottaway Newspapers*, 63 NY2d 1031), we shall modify Supreme Court's order to include the necessary statutory language, thereby reducing defendant's weekly child support obligation to $51.[1]

The ancillary issues raised by defendant do not require extended discussion. His child support obligation is retroactive to December 1, 1993, the date the summons and complaint containing a request for child support was filed (*see, Faber v Faber*, 206 AD2d 644, 646-647). Supreme Court did not err in not deducting the nonreimbursable carrying charges from defendant's gross income inasmuch as the proof shows that he has not paid such charges. Lastly, defendant's contention that the award of child support is confiscatory is not persuasive.

Crew III, J. P., Yesawich Jr., Spain and Carpinello, JJ.,

---

1. This sum was calculated as follows:

| Plaintiff | | Defendant | |
|---|---|---|---|
| Annual income | $11,700 | Annual income | $23,450 |
| less FICA | 427 | less FICA | 1,794 |
| | | less maintenance | 5,200 |
| Adjusted gross income | $11,273 | Adjusted gross income | $16,456 |

| | |
|---|---|
| Combined parental income: | $27,729 |
| Total child support obligation ($27,729 × 29%) | 8,041 |
| Defendant's pro rated share ($8,041 × 59%) | 4,744 |
| Defendant's weekly obligation ($4,744 ÷ 52 = $91 − $40) | 51 |

concur. "Ordered that the order is modified, on the law, without costs, by amending the second decretal paragraph thereof to read as follows: Ordered that defendant shall pay child support to plaintiff in the amount of $91 per week, less $40 per week credited from November 1, 1995, which is the cost of health care coverage defendant provides for the children, for a net payment of $51 per week, and said support shall be retroactive to December 1, 1993, and upon termination of the maintenance payments to plaintiff, defendant's child support obligation shall increase to $120 per week less $40, for a net weekly payment of $80.[2] and, as so modified, affirmed.

