■ BILL AVRAMIS, Respondent, v MARIA AVRAMIS, Appellant. [664 NYS2d 885] —Crew III, J. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.) ordering equitable distribu-

tion of the parties' marital property, entered August 29, 1996 in Tompkins County, upon a decision of the court.

The parties were married in 1964 and have three children, all of whom are emancipated. During the course of their 30-year marriage, plaintiff and defendant engaged in various business ventures and acquired substantial property holdings, the latter of which consisted in large measure of rental properties located in the City of Ithaca, Tompkins County. In addition to the parties' real estate holdings in Tompkins County, they also owned property in the state of Florida and the country of Greece, and an independent appraisal placed the value of the parties' various properties at approximately $9.4 million. Ultimately Supreme Court, *inter alia*, granted the parties a divorce and awarded equitable distribution of the marital property. Defendant now appeals, contending that Supreme Court's distribution was not equitable and, further, that the court erred in failing to award her maintenance.

"Equitable distribution is designed to arrive at a fair distribution of the parties' marital property based upon the factors enumerated in Domestic Relations Law § 236 (B) (5) (d)" (*Ciaffone v Ciaffone*, 228 AD2d 949, 950). Based upon our review of the record, and having given due consideration to the cited statutory factors, we are persuaded that Supreme Court effected such an award here. Accordingly, Supreme Court's judgment should be affirmed.

Although defendant raises numerous objections to the award fashioned by Supreme Court, we find her arguments to be lacking in merit. Initially, we reject defendant's contention that Supreme Court blindly adopted plaintiff's proposed findings of fact and, in distributing the marital property, did little more than pay lip service to the factors set forth in Domestic Relations Law § 236 (B) (5) (d). Contrary to defendant's assertion, Supreme Court's decision adequately sets forth the basis for its distribution of the parties' marital property and specifically enumerates the statutory factors that it considered in arriving at that distribution.

As to the award itself, defendant primarily contends that plaintiff received a larger share of the various income-producing properties than she did and, as such, the distribution fashioned by Supreme Court necessarily is inequitable. Again, we cannot agree. As a starting point, although we do agree that defendant is entitled to receive an award that reflects the significant contributions that she made to the parties' economic partnership during the course of the marriage, "equitable" does not necessarily mean "equal" (*see generally,*

*Arvantides v Arvantides*, 64 NY2d 1033, 1034). Accordingly, defendant simply is not entitled to have the income-producing properties divided with mathematical precision. Additionally, even accepting that plaintiff indeed was awarded a greater share of the income-producing properties, this fact alone does not render the court's award inequitable. In this regard, we note that although the four parcels in Greece that were awarded to defendant (collectively valued at approximately $1 million) were not incoming-producing properties, such parcels also were not encumbered by mortgages. Finally, we observe that defendant's share of the marital estate was sizeable, amounting to approximately $4 million.

Equally unpersuasive is defendant's contention that Supreme Court erred in failing to award her maintenance. As noted previously, defendant received a substantial share of the overall marital estate. Additionally defendant, by her own admission, played an active role in managing the parties' various real estate holdings during the course of their 30-year marriage, including making offers on parcels, attending closings, executing notes and mortgages, renting apartments, collecting security deposits and rents and maintaining the books. Indeed, defendant testified that she anticipated that she would continue to manage whatever parcels she ultimately was awarded. Thus, although it is apparent that defendant indeed devoted substantial efforts to building the marital estate, it is equally apparent that she acquired numerous business skills along the way. Finally, in our view, certain of the monthly expenses claimed by defendant are incredible and wholly unsupported by the record. Under such circumstances, we cannot say that Supreme Court abused its discretion in failing to award defendant maintenance. Defendant's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.