■ AUDREY CARLSON-SUBIK, Respondent, v ROBERT SUBIK, Appellant. [684 NYS2d 65] —Graffeo, J. Appeal from a judgment of the Supreme Court (Kramer, J.), granting plaintiff a divorce and ordering equitable distribution of the parties' marital property, entered May 8, 1998 in Fulton County, upon a decision of the court.

The parties were married in 1977 and have five children. From 1982 until 1994, defendant was employed as Corporation Counsel for the City of Johnstown in Fulton County and maintained a private practice. From 1994 until the time of trial in February 1997, defendant was self-employed at his law practice. At the time of the marriage, plaintiff was employed as a registered nurse at St. Mary's Hospital and, in 1979, she began working for Bellevue Woman's Hospital and was so employed at the time of trial. Plaintiff commenced this action for divorce based on adultery and cruel and inhuman treatment in 1993. At the conclusion of a lengthy trial, Supreme Court granted plaintiff a divorce, established child support obligations and ordered equitable distribution of the parties' marital property. Defendant now appeals all aspects of

Supreme Court's decision with the exception of the dissolution of the marriage.

Defendant initially contends that Supreme Court erroneously imputed his yearly income as $42,000 in its computations for child support. The proof at trial established that from 1989 to 1993, defendant earned between $25,722 and $34,988 annually. In 1994, defendant's employment with the City ended and, therefore, his municipal income that year was only $6,647.07 but the net proceeds from his private practice amounted to $19,129.59. Defendant claimed net earnings in 1995 of $21,587 and of $23,899.53 through mid-July 1996, which the court translated to approximately $44,000 for the year. In addition, defendant took certain income tax deductions each year, bad debts ranging from $766 in 1990 to $2,366 in 1995, business expenses for his law library of $2,300 to over $6,000, and travel expenses of $1,741 to $4,117. Throughout the years at issue, defendant received monetary gifts from his parents in the amounts of $500 to $2,000 per year, and defendant's aunt funded a $50,000 bank account for defendant and his brother.

Although by defendant's own reckoning, he did not earn $42,000 in any year for the eight years prior to the commencement of the divorce action, "a court need not rely upon a parent's own account of his or her finances in determining child support * * * and may attribute or impute income 'based upon a prior employment experience * * * as well as such parent's future earning capacity in light of that party's educational background' " (*Matter of Collins v Collins*, 241 AD2d 725, 727, *appeal dismissed, lv denied* 91 NY2d 829, quoting *Matter of Susan M. v Louis N.*, 206 AD2d 612, 613 [citations omitted]). Defendant concedes that his deductions for bad debts were inappropriate and should be considered as part of his income. Similarly, we find no reason to disturb Supreme Court's evaluation that defendant's law library expenditures, mileage and business-related travel expenses were excessive. It was further proper for the court to impute moneys received from his parents and aunt as income (*see, Matter of Collins v Collins, supra*, at 727). Upon our review of the record, we find no abuse of Supreme Court's discretion in its findings that defendant's earning capacity was not accurately measured by his income history, especially since defendant did not utilize a central bookkeeping system in his law practice. Based on the foregoing, Supreme Court was within its discretion to attribute an annual income of $42,000 to defendant in determining child support (*see, id.*, at 727-728; *Matter of Liebman v Liebman*, 229 AD2d 778, 779).

We reject defendant's claim that Supreme Court erred in its deviation from the Child Support Standards Act (hereinafter CSSA) (*see*, Domestic Relations Law § 240 [1-b]). Once the court has calculated the noncustodial parent's pro rata share of the basic child support obligation under the CSSA formula, if it finds that the amount derived from the formula is unjust or inappropriate (*see*, Domestic Relations Law § 240 [1-b] [f]; *Bast v Rossof*, 91 NY2d 723, 727), it may deviate from the formula by written order, stating its reasons. Here, the court specifically found that a strict application of the formula was unjust and inappropriate and elaborated its reasons for its determination. Supreme Court reasoned after consideration of the appropriate factors, including the greater financial resources of defendant, physical custody of the children, the standard of living of the children, the wasteful dissipation and secreting of marital assets by defendant, and defendant's purposeful decrease in income after commencement of the divorce action, that the situation necessitated a deviation from the support formula. Based upon our review of the record, we conclude that Supreme Court considered and accounted for defendant's primary custody of the parties' son and did not engage in an abuse of discretion in calculating defendant's child support obligation for the other four children (*see*, *Bast v Rossof*, *supra*, at 726-728).

Defendant's next contention, that the period of time that the parties had "split physical custody" should have been considered when determining the retroactive date for the child support award, is unavailing. Plaintiff requested child support in her complaint which was filed in October 1993. It is well settled that an award of child support should be retroactive to the date relief was first requested (*see*, *Posson v Posson*, 243 AD2d 884; *Guneratne v Guneratne*, 214 AD2d 871, 873; *Koczaja v Koczaja*, 195 AD2d 693, *lv denied* 83 NY2d 756; *see also*, Domestic Relations Law § 236 [B] [7] [a]), but here plaintiff waived her right to basic child support from the date of commencement of the action until November 28, 1994, the date the parties separated. In light of plaintiff's waiver, Supreme Court properly awarded child support retroactive to November 28, 1994. In addition, since plaintiff began to incur child care expenses in May 1994 when she returned to work on a full-time basis, Supreme Court properly considered these expenses as part of the child support award since these expenditures were not included in the waiver (*see*, *Koczaja v Koczaja*, *supra*, at 695; *see also*, Domestic Relations Law § 240 [1-b] [c] [4]).

We further find no merit in defendant's claim that Supreme

Court's equitable distribution award was in error. Equitable distribution does not require equal distribution; rather, it should be a fair distribution of the parties' marital assets based on certain factors set forth in Domestic Relations Law § 236 (B) (5) (d) (*see, Rizzuto v Rizzuto*, 250 AD2d 821; *Avramis v Avramis*, 245 AD2d 585, 586). We conclude that the court considered the respective financial conditions of the parties and the particular circumstances of this case (*see*, Domestic Relations Law § 236 [B] [5] [c]), along with the factors enumerated in Domestic Relations Law § 236 (B) (5) (d), and enumerated its reasoning in detail (*see*, Domestic Relations Law § 236 [B] [5] [g]). Furthermore, Supreme Court also found that defendant had improperly secreted and wrongfully dissipated marital assets in anticipation of equitable distribution. The record reveals that Supreme Court acted in accordance with the relevant statutory guidelines and, according considerable deference to Supreme Court in its assessment of the credibility of the parties and weight of the evidence as the trier of fact, we find that Supreme Court acted within its discretion in distributing the parties' marital property 75% to plaintiff and 25% to defendant (*see, Guneratne v Guneratne, supra*, at 873; *Avramis v Avramis, supra*, at 586; *Walasek v Walasek*, 243 AD2d 851, 853-854).

Lastly, this matter will be remitted for a hearing on the issue of counsel fees. Although defendant failed to request a hearing at the time Supreme Court directed the parties to submit papers on this issue, Supreme Court erred in awarding counsel fees in favor of plaintiff in the absence of a stipulation consenting to a determination based on affirmations alone (*see, Nee v Nee*, 240 AD2d 478; *Kelly v Kelly*, 223 AD2d 625, *lv dismissed* 88 NY2d 875, *lv denied* 90 NY2d 802; *Tarpinian v Tarpinian*, 160 AD2d 1063; *Oswald v Oswald*, 154 AD2d 817).

We have considered the remaining contentions of defendant and have found them to be without merit.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded counsel fees to plaintiff; matter remitted to the Supreme Court for a hearing on plaintiff's application for counsel fees; and, as so modified, affirmed.