■ SOFEYA D. STRICOS, Appellant-Respondent, v MICHAEL G. STRICOS, Respondent-Appellant. [692 NYS2d 801] —Graffeo, J. Cross appeals from a judgment of the Supreme Court (Hughes, J.), granting plaintiff a divorce and, *inter alia*, ordering equitable distribution of the parties' marital property, entered February 4, 1999 in Albany County, upon a decision of the court.

Plaintiff and defendant, who were married in 1975, are age 43 and 44 respectively and have two children born in 1978 and 1986. At the conclusion of a nonjury trial, Supreme Court granted plaintiff a judgment of divorce based on cruel and inhuman treatment. The court ordered, *inter alia*, defendant to pay child support in the amount of $1,558 per month and $500 per month as maintenance until the youngest child attains the age of 21 years or is sooner emancipated, or until plaintiff dies, remarries or cohabits with an unrelated adult, whichever occurs sooner. Supreme Court also determined the equitable distribution of marital property and directed defendant to pay one half of plaintiff's counsel fees. Plaintiff now appeals and defendant cross appeals.

Plaintiff initially argues that Supreme Court's maintenance award was inadequate and requests an increase to $1,500 per month. Although Supreme Court gave appropriate consideration to the statutory factors (*see*, Domestic Relations Law § 236 [B] [6] [a]) and exercised its discretion in making its determination (*see*, *Lombardo v Lombardo*, 255 AD2d 653, 654-655; *Newton v Newton*, 246 AD2d 765, *lv denied* 91 NY2d 813; *Boughton v Boughton*, 239 AD2d 935), we find an increase in

spousal maintenance is warranted based upon our review of the record (*see, Baker v Baker*, 240 AD2d 911, 911-912; *Grenier v Grenier*, 210 AD2d 557). Here, there was a substantial disparity in the parties' earnings and educational credentials. During the entire course of the marriage, defendant, who was a college graduate, maintained employment as an accountant at Capital District Off Track Betting with an annual salary of $77,000 at the commencement of the action. Plaintiff, a high school graduate, had worked at a variety of full and part-time positions during the marriage, but was primarily concerned with her maternal and homemaker responsibilities. The highest annual salary she had earned was $17,000 and at the time of trial she was employed at the Guilderland Central School District for approximately $14,000 a year, allegedly in order for the parties' child to attend school in that district without incurring tuition expense. Clearly, defendant has enjoyed stable employment and has demonstrated considerably greater future earning capacity than plaintiff (*see*, Domestic Relations Law § 236 [B] [6] [a] [3]). Based upon the parties' disproportionate financial circumstances and earning capacities (*see, Liadis v Liadis*, 207 AD2d 331), their predivorce standard of living (*see, Hartog v Hartog*, 85 NY2d 36, 50-51), the substantial length of the marriage and plaintiff's lack of specific career training, we recognize plaintiff will require income in excess of her earning potential. We, therefore, exercise our discretion and modify the amount and duration of Supreme Court's award to grant plaintiff spousal maintenance of $1,000 per month (*see, Campinell Campinell*, 220 AD2d 940; *Grenier v Grenier, supra*,), continuing until plaintiff reaches the age of 62, at which time it is anticipated she will be eligible to apply for Social Security retirement benefits (*see, Treffiletti v Treffiletti*, 252 AD2d 635), plaintiff's remarriage or cohabitation with an unrelated adult, or either party's death, whichever occurs sooner.

Next, there is no merit in plaintiff's claim that Supreme Court's equitable distribution award was in error. Equitable distribution of marital assets must be a fair distribution based on the factors enumerated in Domestic Relations Law § 236 (B) (5) (d) (*see, Carlson-Subik v Subik*, 257 AD2d 859, 862; *Avramis v Avramis*, 245 AD2d 585, 586), which are factual issues to be resolved by the trial court and its determination should not be disturbed absent an abuse of discretion (*see, Carlson-Subik v Subik, supra*, at 862; *Munson v Munson*, 250 AD2d 1004). After reviewing the value and nature of the marital assets and considering the parties' respective contributions to the marriage, including the fact that defendant was the primary income producer while plaintiff maintained the household and

was the primary caregiver to the children, Supreme Court essentially divided the marital estate equally and granted plaintiff exclusive use and occupancy of the marital residence until the youngest child reaches 21 years of age or becomes emancipated, or plaintiff remarries or cohabits with an unrelated adult as defined under Domestic Relations Law § 248. Inasmuch as the record reveals that Supreme Court set forth its reasoning (*see*, Domestic Relations Law § 236 [B] [5] [g]) and its determination was based on the "circumstances of the case and of the respective parties" (Domestic Relations Law § 236 [B] [5] [c]), we find that Supreme Court arrived at a fair distribution of the parties' marital property.

Defendant's contention that Supreme Court improperly granted plaintiff a divorce on the ground of cruel and inhuman treatment is also unpersuasive. Although the party seeking a divorce on this ground must demonstrate that the other party's conduct so endangered his or her physical or mental well-being as to render it unsafe or improper to continue cohabitation (*see*, *Gray v Gray*, 245 AD2d 584, 585; *Sim v Sim*, 241 AD2d 660, 661), Supreme Court is vested with broad discretion as the trier of fact and its determination of whether plaintiff's burden was satisfied should not be set aside lightly (*see*, *Bailey v Bailey*, 256 AD2d 1030, 1031; *Mikhail v Mikhail*, 252 AD2d 772). Plaintiff established at trial that defendant had lost all interest and desire to engage in sexual relations with her and repeatedly indicated that he did not love her, and she claimed that his isolation from their children was devastating to the family's unity. Moreover, testimony was proffered demonstrating several instances in which defendant verbally abused and demeaned plaintiff, and on one occasion plaintiff suffered a physical injury as a result of an assault by defendant. Based upon the testimony and evidence presented at trial, which Supreme Court found credible, there is no reason to disturb the award of a judgment of divorce to plaintiff.

With regard to counsel fees, the court should consider the respective financial situations of the parties, together with other relevant circumstances (*see*, *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881; *Ellis v Ellis*, 235 AD2d 1002, 1006) in the exercise of its sound discretion (*see*, *Strang v Strang*, 222 AD2d 975, 979; *Creighton v Creighton*, 222 AD2d 740). While the parties would generally have a right to a hearing on this issue, neither attorney requested a hearing and both agreed in open court to resolve this matter by written submissions (*see*, *Sim v Sim*, 248 AD2d 781; *Hapeman v Hapeman*, 229 AD2d 807, 811; *Gundlach v Gundlach*, 223 AD2d 942, *lv denied* 88 NY2d 802;

*Fabricius v Fabricius*, 199 AD2d 695). At the conclusion of the trial, plaintiff's attorney submitted an affidavit in connection with plaintiff's request for an order directing defendant to pay her counsel fees and defendant's attorney was allowed to contest the reasonableness of the fees by written submission. Thereafter, defendant's attorney submitted his affidavit which questioned the time expended by plaintiff's counsel and a paralegal but did not request a hearing. Plaintiff's lawyer subsequently presented itemization for each service entry on plaintiff's statements of legal services rendered. After reviewing both parties' submissions, as well as copies of itemized invoices, Supreme Court adjusted the demand by deleting charges related to Family Court proceedings and other matters, and directed defendant to pay plaintiff one half of her $37,665.86 in outstanding counsel fees. A review of the entire record discloses no basis necessitating modification of Supreme Court's determination on counsel fees.

The remaining contentions of the parties have been considered and found to be lacking in merit.

Mikoll, J. P., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as determined the amount of plaintiff's maintenance; plaintiff is awarded spousal maintenance in the amount of $1,000 per month until plaintiff reaches 62 years of age, remarries or cohabits with an unrelated adult, or the death of either party, whichever occurs sooner; and, as so modified, affirmed.