■ In the Matter of ALENE C. BREFKA, Respondent, v DAVID F. DOBIES, Appellant. [706 NYS2d 524] —Graffeo, J. Appeal from an order of the Family Court of Schenectady County (Seibert, Jr., J.), entered January 12, 1999, which, inter alia, dismissed respondent's cross application, in a proceeding pursuant to Family Court Act article 4, for downward modification of his child support obligation.

Petitioner and respondent are the parents of two children born in 1993 and 1995. When respondent was awarded temporary custody of the children in May 1996, Family Court suspended his child support obligation. However, after primary physical custody of the children was awarded to petitioner in July 1996, petitioner commenced this proceeding in September 1996 seeking child support. Family Court issued a temporary order, entered November 1, 1996, directing respondent to pay child support in the amount of $2,432 per month.

In May 1997, respondent filed a petition to modify the temporary child support order due to the fact that he had become unemployed in April 1997. In September 1997, petitioner filed a violation petition against respondent for failing to fully comply with his child support obligation between April and September 1997. Thereafter, a Hearing Examiner conducted a lengthy hearing with respect to all petitions and found that the parties' combined gross income for child support purposes was $137,649, of which $126,844 was attributable to respondent's adjusted gross income as an emergency room physician, and $10,805 in gross income was allocated to petitioner. The parties' entire combined income was multiplied by 25%, the Child Support Standards Act (hereinafter CSSA) support percentage for two children (see, Family Ct Act § 413 [1] [b] [3] [ii]), notwithstanding the fact that the combined income exceeded $80,000. In designating respondent respon-

sible for 92% of that sum, the permanent order of child support set respondent's obligation at $609 per week, and directed respondent to pay child support in that amount, retroactive to September 1996. Respondent filed objections to the Hearing Examiner's findings pursuant to Family Court Act § 439 (e) and this appeal ensued after Family Court rejected his objections.

Initially, we find respondent's contention that Family Court inaccurately projected his income to be unavailing. For child support purposes, a trial court may calculate a parent's gross income by examining his or her "most recent [F]ederal income tax return" (Family Ct Act § 413 [1] [b] [5] [i]) and may take into consideration past employment experience and future earning capacity (see, Carlson-Subik v Subik, 257 AD2d 859, 860; Matter of Collins v Collins, 241 AD2d 725, 727, appeal dismissed, lv denied 91 NY2d 829). Here, the record discloses that at the time of the hearing, respondent was working 37 hours per week as an independent contractor to hospitals and earned between $85 and $96 per hour, or the equivalent of $163,540 to $184,704 per year. His tax records indicate his business expenses were 13.6% of gross receipts. Prior to his resignation with his previous employer, Schuyler Hospital, respondent earned $56,873 during the first four months of 1997, which equates to approximately $170,000 per year. His 1996 W-2 form from Schuyler Hospital listed a gross salary of $143,916. Based on all of the financial records in evidence, we decline to disturb the Hearing Examiner's reasonable determination that respondent's child support obligation should be based upon earnings of $135,000, adjusted to $126,844 after deduction of FICA and Medicare expenses.

Next, pursuant to Family Court Act § 413 (1) (c) (3), applying the statutorily enumerated factors, a court shall make a determination with respect to child support for that portion of combined parental income which exceeds $80,000. If the CSSA percentage is to be applied to parental income exceeding $80,000, the court must articulate its reasons based on the statutory considerations set forth in Family Court Act § 413 (1) (f) (see, Matter of Cassano v Cassano, 85 NY2d 649, 654-655; Carlson-Subik v Subik, supra, at 861; Matter of Gluckman v Qua, 253 AD2d 267, 270, lv denied 93 NY2d 814). After conducting a five-day hearing which included extensive testimony and documentary evidence demonstrating respondent's past earnings and future earning potential as a physician, the Hearing Officer applied the statutory factors to the evidence adduced at the hearing, detailing petitioner's limited

past earnings, her current earnings as a result of part-time employment and her pursuit of an undergraduate college degree. In considering the "financial resources of the custodial and non-custodial parent" (Family Ct Act § 413 [1] [f] [1]), the Hearing Officer found that even if petitioner was to become employed on a full-time basis, an extreme disparity between the parties' respective incomes would remain due to respondent's professional qualifications and employment experience. Because the reasons enunciated by the Hearing Officer were appropriate factors (*see,* Family Ct Act § 413 [1] [f] [3], [7]), particularly the disparity in financial resources between the parties and the need to avoid drastic changes in the children's standard of living, we conclude that justification for applying the CSSA percentage to the total amount of combined parental income was sufficiently demonstrated.

Lastly, we reject respondent's assertion that Family Court should have awarded respondent a credit to be applied to reduce his child support arrears for the period he was unemployed from April 1997 through July 1997. Record proof indicates that in April 1997 respondent submitted a letter of resignation from his position at Schuyler Hospital. Although respondent alleges he was forced to resign or he would face termination, his correspondence does not manifest anything other than a voluntary resignation and respondent submitted no other proof in support of this contention. Because voluntary unemployment does not entitle a parent to a downward modification of child support (*see, Matter of Bouchard v Bouchard,* 263 AD2d 775, 777-778; *Rheinheimer v Rheinheimer,* 235 AD2d 742, 743), no evidentiary basis exists to vacate Family Court's determination that respondent was not entitled to a credit on his retroactive child support obligations during his period of unemployment.

Cardona, P. J., Mercure, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.