■ In the Matter of ANN M. BAKER, Respondent, v DONALD A. BAKER, Appellant. [738 NYS2d 121] —Peters, J. Appeal from an order of the Family Court of Saratoga County (Abramson,

J.), entered September 26, 2000, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for modification of a prior order of child support.

The parties' judgment of divorce, entered September 17, 1999, incorporated, but did not merge, both an oral and a written stipulation of settlement. Pursuant thereto, petitioner was to have custody of Kathryn (born 1982), while Scott (born 1979) was to reside with respondent; each parent contributed child support to the other according to the Child Support Standards Act (*see*, Family Ct Act § 413 [hereinafter CSSA]), which resulted in a net monthly liability of $767 from respondent to petitioner. Respondent also agreed to pay petitioner spousal maintenance in the amount of $200 a week for a set period with the specific understanding that for tax purposes "the maintenance payments are includable in the wife's gross income and deductible by the husband"; no provision was made for an adjustment to child support payments upon the termination of maintenance.

In January 2000, petitioner sought a modification of the aforementioned child support obligations alleging a change of circumstance due to Scott's emancipation. In response, respondent acknowledged Scott's emancipation and the need for a recalculation of the child support obligations, but requested that the recalculation include, inter alia, a deduction for spousal maintenance and that it be limited to only the first $80,000 of the parties' combined gross income. After a hearing, the Hearing Examiner agreed to a recalculation due to Scott's emancipation, but rejected respondent's assertion that such recalculation should include a deduction for the maintenance payments made to petitioner since their judgment of divorce did not contain language providing for an automatic readjustment of child support upon the termination of maintenance—a requirement mandated by the CSSA to effectuate the relief that respondent requested (*see*, Family Ct Act § 413 [1] [b] [5] [vii] [C]). The Hearing Examiner also refused to cap the parties' combined gross income at $80,000 for the purposes of the CSSA and, thereafter, modified the prior order to now reflect a $541 biweekly liability on respondent's part, coupled with a $1,000 award of counsel fees to petitioner. Upon the denial of respondent's objections by Family Court, this appeal ensued.

For the purposes of a CSSA calculation, the Family Court Act employs a mandatory deduction for maintenance payments paid to a party, "provided the order or agreement provides for a specific adjustment * * * in the amount of child support pay-

able upon the termination of * * * maintenance to such spouse" (Family Ct Act § 413 [1] [b] [5] [vii] [C]). Here, it is undisputed that the parties' judgment of divorce, which incorporated the parties' oral and written stipulations, did not so provide; the judgment was never appealed and the issue was never raised prior to this proceeding (*compare, Posson v Posson*, 243 AD2d 884, 885; *Bronstein v Bronstein*, 203 AD2d 703, 704; *Kessinger v Kessinger*, 202 AD2d 752, 753-754). For these reasons, the Hearing Examiner correctly determined that there was no basis upon which it could deduct respondent's maintenance payments from his income prior to applying the CSSA calculation (*see, Huber v Huber*, 229 AD2d 904, 905).

Nor do we find that the Hearing Examiner abused her discretion in applying the CSSA statutory percentages to the parties' combined income in excess of $80,000. The CSSA provides that after application of the statutory percentages to the first $80,000 of combined income, the court must determine the amount of child support for the excess either through the application of the factors set forth in Family Court Act § 413 (1) (f) "and/or" by application of the statutory percentages (Family Ct Act § 413 [1] [c] [3]; *see, Matter of Cassano v Cassano*, 85 NY2d 649, 655; *Matter of Mitchell v Mitchell*, 264 AD2d 535, 539, *lv denied* 94 NY2d 754). Although the court must articulate its reasons for applying the statutory percentages above the $80,000 cap, "in sum and substance, [those reasons should] reflect both that the court has carefully considered the parties' circumstances and that it has found no reason why there should be a departure from the prescribed percentage" (*Matter of Cassano v Cassano, supra* at 655; *see, Matter of Brefka v Dobies*, 271 AD2d 876, 877, *lv denied* 95 NY2d 759). Here, the Hearing Examiner's articulated reasons to apply the statutory formula to the amount exceeding $80,000 reflects that analysis. As detailed therein, careful consideration of the parties' circumstances, including, inter alia, the existence of other independent sources of income that were not included by the court in their combined income (*see, Matter of Mitchell v Mitchell, supra* at 539-540), as well as the relatively low amount by which their combined income exceeded the $80,000 cap (*compare, Matter of Jones v Reese*, 227 AD2d 783, *lv denied* 88 NY2d 810), meets this standard. Hence, we find no abuse of discretion in the determination to apply the statutory formula to the full amount (*see, Matter of Cassano v Cassano, supra* at 654-655).

Next addressing the mathematical error noted by respondent in the calculation of his adjusted gross income, we do not

conclude that the Hearing Examiner's failure to deduct the full amount of respondent's FICA contribution warrants a remittal. According to respondent, the full deduction would result in a $1,105 difference in his adjusted gross income which would result in a negligible reduction of his child support liability. As the Hearing Examiner was wholly aware that respondent's income exceeded the FICA cap, we find that, in light of her discretionary determination not to include the more substantial sources of income, namely respondent's temporary and seasonal employment along with his tax preparation work, the error now raised is of "harmless dimension" (*Strang v Strang*, 222 AD2d 975, 978).

Turning to the award of counsel fees, it is well established that upon consideration of the parties' financial circumstances as well as all of the other attendant circumstances, Family Court may exercise its discretion and award counsel fees in a proceeding of this type (*see*, Family Ct Act § 438 [a]; *Matter of Van Horn v Dahoda*, 272 AD2d 791, 792; *Matter of Ballard v Davis*, 259 AD2d 881, 885, *lv denied* 94 NY2d 751). Since we find that the Hearing Examiner fully considered the parties' respective financial circumstances, the time spent and results obtained, including the nature and difficulty of the matter, we find no abuse of discretion in an award of $1,000 of a total counsel fee of $2,607.50.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.