■ Incorporated Village of Ocean Beach, Appellant-Respondent, v Robert Stein et al., Respondents-Appellants, et al., Defendant.

At issue on these appeals is the validity of an agreement, dated August 19, 1978, between plaintiff and defendants Ocean Beach Cafe, Inc., and Robert Stein, in which these defendants agreed to waive their right to have dancing in certain premises leased by defendant Stein and in which he intended to open a restaurant, hotel and bar. We expressly affirm the factual findings of the trial court, which stated in its memorandum decision:

"On April 6, 1978 defendant Robert Stein leased the said premises at an annual rental of $22,000 for ten years. The lease was subject to Mr. Stein's obtaining a liquor license. Stein, in contemplation of obtaining approval of his liquor application within eight weeks, expended approximately $30,000 for improvements, operating expenses and rent by the middle of June, 1978. He obtained the said money by placing a mortgage on his home.

"Stein, not having received the liquor license within the expected eight week period, visited the office of the State Liquor Authority in Hauppauge, New York. He learned that the Citizen's Party, of which the Mayor and the Trustees of the Village of Ocean Beach were members, sent a letter strongly opposing his request for a liquor license.

"The Mayor and some of the Trustees met with Stein and indicated that the Village would only withdraw its objections if he, Stein, agreed to give up his right to have dancing on the premises. Furthermore, he was promised that all other restaurant and bar entrepeneurs [sic] would have to make the same commitment or the Village would oppose their license renewal applications. Stein, facing immediate bankruptcy without a liquor license, agreed in writing to waive his right to have

dancing on the premises in return for the Village's promise to withdraw its opposition to his application, nor would it seek to revoke the license in the event the same was issued".

We find further that the Mayor led Stein, who was not represented by an attorney, to believe that the village had the power to prevent the issuance of a liquor license, and that he impliedly threatened to do so if Stein did not agree.

The village presented no grounds cognizable under the law to the State Liquor Authority in support of its opposition to Stein's application. Public or community reaction alone, "unrelated to the other standards set forth in the law [cannot] be a basis for denial of a license" (*Matter of Circus Disco v New York State Liq. Auth.*, 51 NY2d 24, 38). We note that this is not a case of an application which would increase the number of licensed premises in the village, as the premises had a trouble-free licensing history (*Matter of Brenner v O'Connell*, 308 NY 636, 642).

With respect to plaintiff's contention that defendants' use of the premises violates the village zoning ordinance, we find that the premises may lawfully be used for dancing as a prior nonconforming use. Notwithstanding the universal blindness of the plaintiff's witnesses to the use of the premises in 1977, we find that at that time they were used as a restaurant, bar, hotel and discotheque. We do not measure the nonconforming use from the year 1978, just prior to passage of the ordinance, because the "unlawful acts of the * * * village [were] taken to frustrate such timely resumption" of a nonconforming use (*Two Wheel Corp. v Fagiola*, 96 AD2d 1098).

We also note that two other establishments in the village had disco dancing. "Allegator" was a full-fledged discotheque and "Leo's" was a restaurant which had disco dancing after midnight. Leo's was owned by a former village trustee. There was no interference with those establishments nor were any negative agreements sought from them. Further, when those premises changed hands after the ordinance banning discotheques was passed in 1978, the village did not oppose issuance of new liquor licenses.

Since one of the defendants' counterclaims was for a judgment declaring the legal rights of the parties with respect to the provisions of the village's zoning ordinance regarding prohibited uses, Special Term should have directed entry of a declaration in favor of defendants rather than dismissing that much of the counterclaim (*see, Lanza v Wagner*, 11 NY2d 317, 334, *cert denied* 371 US 901; *Holliswood Care Center v Whalen*, 58 NY2d 1001, 1004). The validity of the provision of the zoning ordinance which purports to ban "drinking establishments" in the

village has not been raised by the parties, and therefore we do not reach that issue.

We have considered plaintiff's remaining contention and find it to be without merit.

Turning to defendants' counterclaims, we agree with the trial court's finding that they failed to establish damages. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.