■ PATRICIA TUCHRELLO, Appellant, v MICHAEL TUCHRELLO, Respondent. [649 NYS2d 869] —Order unanimously modified on the law and as modified affirmed without costs and judgment ordered in accordance with the following Memorandum: By order dated August 8, 1992, Supreme Court granted, *inter alia*, defendant's motion to modify the child support provisions of the parties' stipulation that was incorporated into but not merged in the judgment of divorce by directing plaintiff to pay child support. The court further made an award of counsel fees to defendant. Plaintiff appealed to this Court and, by order entered May 27, 1994, we modified the order by deleting both the award of counsel fees and the direction that plaintiff pay child support (*Tuchrello v Tuchrello*, 204 AD2d 1020, 1021). Notwithstanding our order, defendant failed or refused to return to plaintiff all amounts erroneously collected from her in child support payments and counsel fees in the period from August 1992 to June 1994. Plaintiff thereafter moved, *inter alia*, for a judgment for recoupment of those amounts. She also sought an order, *inter alia*, directing defendant to turn over the parties' fifth wheel vehicle to a registered broker for immediate sale.

Defendant cross-moved for various relief, including a direction that plaintiff pay child support. The court directed a hearing on defendant's cross motion for an award of child support. The court further directed the immediate sale of the fifth wheel vehicle by a registered broker. Additionally, the court denied plaintiff's motion for recoupment.

The court did not err in directing either a hearing on defendant's application for child support or the delivery of the parties' fifth wheel vehicle to a registered broker for sale. The contention of plaintiff that she is entitled to a hearing on the issue whether defendant should be adjudged in contempt of

court is made for the first time on appeal and is, therefore, not before us. In any event, it lacks merit because the order to show cause that was personally served on defendant does not contain the notice required by Judiciary Law § 756 (*see, Van Nostrand v Town of Denning,* 203 AD2d 687).

The court should have granted plaintiff's motion for recoupment. That issue was neither a part of the record nor raised by either party on the prior appeal. Thus, the issue was not properly before us on that appeal. "[A]ppellate review is limited to the record made at the nisi prius court and, absent matters [that] may be judicially noticed, new facts may not be injected at the appellate level" (*Block v Magee,* 146 AD2d 730, 732). Moreover, we do not address issues not raised by the parties (*see, Incorporated Vil. of Ocean Beach v Stein,* 110 AD2d 820, 822-823). Therefore, we modify the order by granting plaintiff's motion for recoupment and by ordering that judgment be entered in favor of plaintiff in the sum of $19,739.20 plus costs and interest from May 27, 1994. (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Child Support.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.