[714 NYS2d 169]

Arlene T. Jourdan, Appellant, v Gary T. Nettleton, Respondent.

Fourth Department, September 29, 2000

**APPEARANCES OF COUNSEL**

*Deborah Kimberly Owlett,* Rochester, for appellant.

*Harris Beach & Wilcox,* Rochester (*Joyce Rittenhouse Parker* of counsel), for respondent.

**OPINION OF THE COURT**

PINE, J.

In this case, we are called upon to determine the applicability of legislation enacted in 1997 to provide for a one-time adjustment of child support orders issued before September 15, 1989 (*see,* Domestic Relations Law § 240 [4]; Family Ct Act § 413 [3] [a]; Social Services Law § 111-h [12]) and its relationship to prior law concerning modification of child support orders.

The underlying facts are as follows. Plaintiff and defendant were divorced on June 20, 1989. A separation agreement, which was incorporated but not merged into the divorce decree, provided for child support for the parties' two children. In 1997 plaintiff moved for upward modification of child support. In denying that motion by order dated March 13, 1998, Supreme Court determined that plaintiff failed to sustain her burden of establishing an "unanticipated and unreasonable change in circumstances" or "that the financial needs of the child[ren] [were] not being met." Plaintiff withdrew her appeal from the order denying her motion.

The record contains a notice to defendant dated November 16, 1998 that the Monroe County Child Support Enforcement Unit (MCCSEU) had reviewed the child support order and determined that there was a basis for increasing the amount of child support because support calculated under the Child Support Standards Act (Domestic Relations Law § 240 [1-b] [CSSA]) is 10% or more greater than the amount of child support required in the current order. Findings of fact and a proposed adjusted order were included and defendant was informed of his right to file objections to the proposed order.

The record also contains the affidavit of the Hearing Examiner reciting that the MCCSEU initiated review of the order pursuant to Family Court Act § 413 (3) (a) and Social Services Law § 111-h (12) inasmuch as the order being reviewed is on behalf of persons in receipt of child support services pursuant to Social Services Law § 111-g, either parent requested the review, and the order was established and last modified prior to September 15, 1989. The parties were notified that the MCCSEU would review the order and were directed to provide information required by Social Services Law § 111-h (16) within 35 days. Both parents provided financial information, upon which the Hearing Examiner's proposed adjusted order was based.

Defendant thereafter objected to the proposed adjusted order on the grounds that relitigation of child support was barred by res judicata, the separation agreement of the parties could not be modified, the proposed order failed to take into account the needs of his second family, and his income under the proposed order improperly included a one-time severance payment.

Plaintiff responded by an attorney's affidavit that plaintiff filed a request with the MCCSEU under Family Court Act § 413 (3) (a) to avail herself of child support enforcement services available through the MCCSEU and the one-time review

of her pre-September 15, 1989 support order. Plaintiff sought litigation of the objections in Family Court.

Supreme Court ordered the Family Court proceeding transferred to Supreme Court and consolidated it with the objections also filed in Supreme Court. The court determined, *sua sponte,* that plaintiff was not entitled to the one-time review because she was neither on public assistance nor receiving support services pursuant to Social Services Law § 111-g, and that the MCCSEU was acting ultra vires in proposing a modified order. In addition, the court agreed with defendant that res judicata prohibited revision of the order. For the reasons set forth herein, we conclude that the order should be reversed and the matter remitted to Supreme Court for further proceedings.

I

■ The court determined, *sua sponte,* that plaintiff was not receiving support services under Social Services Law § 111-g. The Hearing Examiner found that plaintiff was receiving support services. Defendant did not challenge that finding in his objection and plaintiff thus did not address it. No documentary proof in the record addresses this issue. The record therefore does not support the court's determination that the proposed order is void and unenforceable on this ground.

II

■ The court further determined, *sua sponte*, that MCCSEU's proposed adjusted order was ultra vires. We disagree. Pursuant to Domestic Relations Law § 240 (4) and Family Court Act § 413 (3) (a), a child support order shall be adjusted if, as of the date of the support collection unit's review, "the correct amount of child support as calculated pursuant to the provisions of [the CSSA] would deviate by at least ten percent from the child support ordered" in the current order of support. "A hearing [before the court] on the adjustment of such order shall be granted upon the objection of either party pursuant to the provisions of this section" (Domestic Relations Law § 240 [4]; Family Ct Act § 413 [3] [a]). Thus, in the event of objections, a court determines whether and to what extent an order should be modified.

In approving the one-time adjustment legislation, Governor Pataki noted that a purpose of the legislation was to "target[ ] pre-guideline orders for a review to conform with the [CSSA]" (Governor's Mem approving L 1997, ch 398, 1997 NY Legis

Ann, at 265). Thus, the MCCSEU had explicit statutory authority to propose an adjusted order and was acting pursuant to a legislative mandate if plaintiff was receiving support services within the meaning of Social Services Law § 111-g.

## III

■ The court further determined that the doctrine of res judicata precludes revision of the child support order. We disagree. The doctrine of res judicata provides that, "as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein in any subsequent action" (*Gramatan Home Investors Corp. v Lopez*, 46 NY2d 481, 485). Res judicata is based on the principle that, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357). Here, the relevant facts and the legal issues are different. Indeed, both Domestic Relations Law § 240 (4) and Family Court Act § 413 (3) (a) specify that the right to a one-time adjustment does not "limit, restrict, expand or impair" the right of a party to seek modification of the child support order "as is otherwise provided by law."

The prior motion for upward modification of child support required proof of an unanticipated change of circumstances and support inadequate to meet the children's needs (*see, Matter of Brescia v Fitts*, 56 NY2d 132, 138-139; *Matter of Boden v Boden*, 42 NY2d 210, 213). In a proceeding under the one-time adjustment legislation, however, the issue is whether a pre-CSSA order deviates from the child support calculated pursuant to the CSSA by more than 10%. Neither an unanticipated change of circumstances nor proof regarding adequacy of support is involved.

### CONCLUSION

Accordingly, the order on appeal should be reversed and the matter remitted to Supreme Court for a hearing on the merits of the objections pursuant to Domestic Relations Law § 240 (4) (1).

PIGOTT, JR., P. J., SCUDDER and LAWTON, JJ., concur.

Order unanimously reversed, on the law, without costs, and matter remitted to Supreme Court for further proceedings in accordance with the opinion by PINE, J.