■ In the Matter of KATHLEEN PRINGLE, Respondent, v EARL A. PRINGLE, Appellant. [723 NYS2d 911] —Amended order unanimously affirmed with costs. Memorandum: Respondent appeals from an amended order of Family Court confirming the findings of fact of the Hearing Examiner, which upwardly mod-

ified the basic child support obligation of respondent and his pro rata share of daycare and uninsured healthcare expenses. Contrary to respondent's contention, petitioner sustained her burden of showing an unanticipated and unreasonable change of circumstances, and a concomitant showing of need, warranting an increase in child support in the best interests of the children (*see, Matter of Brescia v Fitts,* 56 NY2d 132, 138-140; *Matter of Boden v Boden,* 42 NY2d 210, 212-213; *see also, Merl v Merl,* 67 NY2d 359, 362). The Hearing Examiner properly calculated the parties' respective incomes. Contrary to respondent's further contention, the Hearing Examiner properly used the figure from petitioner's 1998 W-2 form and Federal income tax return. The Hearing Examiner did not abuse his discretion in failing to take into account respondent's small rental loss (*cf., Matter of Petkovsek v Snyder,* 255 AD2d 960; *Matter of Knapp v Levy,* 245 AD2d 1027, *lv denied* 91 NY2d 813). The Hearing Examiner articulated a proper basis for applying the standards set forth in the Child Support Standards Act to a portion of the combined parental income in excess of $80,000 (*see,* Family Ct Act § 413 [1] [c] [3]; [f]; *see generally, Matter of Cassano v Cassano,* 85 NY2d 649, 654-655; *Matter of Brefka v Dobies,* 271 AD2d 876, 877-878, *lv denied* 95 NY2d 759). The Hearing Examiner specifically found that petitioner was unable to meet the needs of the children, that the children should benefit from the standard of living that they would have enjoyed had the marriage not been dissolved, and that petitioner's income is substantially less than respondent's (*see,* Family Ct Act § 413 [1] [f] [3], [7]).

We have considered respondent's remaining contentions and conclude that they are without merit. (Appeal from Amended Order of Monroe County Family Court, Sciolino, J.—Support.) Present—Green, J. P., Hayes, Hurlbutt, Kehoe and Lawton, JJ.