In the Matter of ROBERT NIEWIADOMSKI, Appellant, v PATRICIA DOWER, Respondent. (Appeal No. 1.) [731 NYS2d 420] —Order unanimously affirmed without costs. Memorandum: In appeal No. 1, we conclude that Family Court properly denied the petition of Robert Niewiadomski seeking reimbursement for child support overpayments. There is a "strong public policy against restitution or recoupment of support overpayments" (*Baraby v Baraby*, 250 AD2d 201, 205). Although "recoupment of child support payments is, under certain circumstances, permissible" (*Hamza v Hamza*, 268 AD2d 459; *see, Tuchrello v Tuchrello*, 233 AD2d 917, 918), we see no basis to disturb the court's denial of the motion herein.

In appeal No. 2, we conclude that the court properly granted judgment in favor of Patricia Dower and ordered Niewiadomski to pay $29,100 in maintenance arrears. By order dated July 26, 1995, the Hearing Examiner modified the judgment of divorce after Dower was injured in a skiing accident by increasing Niewiadomski's maintenance obligation. In the findings of fact that were attached to that order, the Hearing Examiner noted that either party could "seek modification as circumstances change[d]." By requiring the parties to seek modification, the Hearing Examiner implicitly extended the duration of the award indefinitely, thereby requiring Niewiadomski to pay maintenance until his maintenance obligation was modified or terminated. (Appeal from Order of Erie County Family Court, Dillon, J.—Support.) Present—Pigott, Jr., P. J., Pine, Wisner, Burns and Lawton, JJ.

 In the Matter of PATRICIA DOWER, Respondent, v ROBERT NIEWIADOMSKI, Appellant. (Appeal No. 2.) [731 NYS2d 420] —Order unanimously affirmed without costs. Same Memorandum as in *Matter of Niewiadomski v Dower* (286 AD2d 948 [decided herewith]). (Appeal from Order of Erie County Family Court, Dillon, J.—Maintenance.) Present—Pigott, Jr., P. J., Pine, Wisner, Burns and Lawton, JJ.