■ MARY T. TERRELL, Respondent-Appellant, v JACK E. TERRELL, Appellant-Respondent. [749 NYS2d 345] —Appeal and cross

appeal from an order and judgment (one document) of Supreme Court, Cayuga County (Contiguglia, J.), entered June 6, 2001, which, inter alia, directed defendant to pay child support in the amount of $40,108.10 per year to plaintiff.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously modified on the law by excluding from the calculation of defendant's income the amounts of $38,000 as cash distribution in 1998 to pay 1999 quarterly estimated taxes, $45,500, or one third of the $134,500 balance of a corporate "accumulated adjustments account," and $16,000 in increased principal repayments on a loan and by providing that defendant's income is deemed to be $136,430 per year and that defendant's child's support obligation is $23,193.10 per year, or $446.02 per week, and as modified the order and judgment is affirmed without costs.

Memorandum: Defendant father appeals and plaintiff mother cross-appeals from an order and judgment granting plaintiff's application for an upward modification of child support. Defendant's obligation had been set at $75 per week pursuant to the 1988 agreement of the parties, which was incorporated but not merged into the May 2, 1989 judgment of divorce. Supreme Court increased defendant's child support obligation to $771.20 per week, retroactive to the date of the application. It additionally ordered defendant to pay 100% of all uninsured medical and related expenses paid by plaintiff for the child, including the cost of medical and dental insurance obtained by plaintiff for the child. Finally, the court directed defendant to pay plaintiff's counsel and accounting fees in an amount later set by the court at $9,420.25.

Contrary to defendant's contention, the court properly granted plaintiff's application for an upward modification of child support. Plaintiff established "an unanticipated and unreasonable change of circumstances, and a concomitant showing of need, warranting an increase in child support in the best interests of the child[ ]" (*Matter of Pringle v Pringle,* 283 AD2d 966, 967; *see Merl v Merl,* 67 NY2d 359, 362; *Matter of Brescia v Fitts,* 56 NY2d 132, 138-140; *Matter of Boden v Boden,* 42 NY2d 210, 212-213). The court properly based its finding of changed circumstances on the increased needs of the child due to special circumstances and the additional activities of an older child, the increased cost of living insofar as it resulted in greater expenses for the child, a substantial improvement in the financial condition of defendant, and the current and prior lifestyles of the child (*see Matter of Rosenthal v Buck,* 281 AD2d 909, 909-910; *Matter of Hulik v Hulik,* 201 AD2d 909, 910; *see*

*also Brescia,* 56 NY2d at 139-140; *Matter of Fatig v DeRosa,* 261 AD2d 954). In any event, modification was warranted here based upon the statutory authorization for a "[o]ne-time adjustment" of a child support order issued prior to September 15, 1989 (Domestic Relations Law § 240 [4]; *see also* Family Ct Act § 413 [3] [a]). Here, in accordance with Domestic Relations Law § 240 (4), the local support collection unit had reviewed the original child support provision of the judgment of divorce and determined that the updated amount of support calculated pursuant to the Child Support Standards Act (CSSA) would be at least 10% greater than the original amount (*see generally Jourdan v Nettleton,* 275 AD2d 80, 82-84).

With respect to the court's imputation of income to defendant and the manner in which the court calculated child support, we conclude that the court properly found that defendant had attempted to manipulate the corporate accounting to minimize his income and avoid an increase in child support. We further conclude that the court did not abuse its discretion in using defendant's 1999 tax return rather than more recent information as the starting point for determining defendant's income. Moreover, we conclude that the court properly applied the statutory percentage to that portion of the combined parental income exceeding $80,000, and properly articulated its reasons for doing so (*see Corasanti v Corasanti,* 296 AD2d 831; *Pringle,* 283 AD2d at 967; *see generally* Domestic Relations Law § 240 [1-b] [c] [3]; *Matter of Cassano v Cassano,* 85 NY2d 649, 654-655).

We conclude, however, that the level of income that the court imputed to defendant was too high. In particular, we conclude that the court erred in imputing $38,000 as income to defendant as a consequence of his taking a cash distribution in 1998 to pay his 1999 quarterly estimated taxes. We further conclude that the court erred in imputing as income to defendant $45,500, or one third of the $134,500 balance of a corporate "accumulated adjustments account." We conclude that such amounts are assets attributable to income for prior years and thus should not have been imputed as current income in calculating child support. We further conclude that the court erred in imputing as income to defendant $16,000 in increased principal repayments on a loan taken by him to purchase the business; such increased expenses, which are not deductible for income-reporting purposes, cannot be regarded as income. We modify the order and judgment by excluding such amounts from the calculation of defendant's income. We therefore conclude that defendant's income is deemed to be $136,430 per

year, as opposed to the figure of $235,930 arrived at by the court. Applying the CSSA percentage (.17) to the modified figure, we conclude that defendant's child support obligation is $23,193.10 per year, or $446.02 per week. We therefore modify the order and judgment accordingly.

We have considered the parties' remaining contentions and conclude that they are without merit. Present—Pine, J.P., Hayes, Kehoe, Gorski and Lawton, JJ.