■ SYLVIA J. RZEPECKI, Respondent-Appellant, v LOUIS F. RZEPECKI, Appellant-Respondent. [776 NYS2d 414]—

Appeal and cross appeal from a judgment of the Supreme Court, Erie County (John F. O'Donnell, J.), entered December 18, 2002. The judgment dissolved the marriage of the parties and, inter alia, awarded child support and counsel fees.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the fourth and sixth decretal paragraphs, vacating that part of the 17th decretal paragraph concerning repayment of any pension overpayment and vacating that part of the 18th decretal paragraph awarding the amount of $2,000 in counsel fees and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: This is an appeal by defendant husband and a cross appeal by plaintiff wife from a judgment of divorce. We agree with defendant that the amount of child support ordered by Supreme Court is in excess of his obligation under the Child Support Standards Act (CSSA) based upon the income as "reported in the most recent federal income tax return[s]" (Domestic Relations Law § 240 [1-b] [b] [5] [i]) and that the court failed to explain that discrepancy in compliance with the requirements of Domestic Relations Law § 240 (1-b) (g). We further agree with defendant that, in ordering the payment of child support, the court failed to take into account that, although the action was commenced in August 1995, plaintiff was not the custodial parent until September 1996. We therefore modify the judgment by vacating the fourth decretal paragraph setting forth the child support obligation, and we remit the matter to Supreme Court to determine defendant's child support obligation in compliance with the CSSA (*see Garguiolo v Topp*, 184 AD2d 1027 [1992]; *see also Bast v Rossoff*, 91 NY2d 723, 727-728 [1998]).

Defendant also contends that the court failed to comply with Domestic Relations Law § 240 (1) (d) by requiring him to pay more than his pro rata share of the cost of providing health insurance benefits for the parties' unemancipated child. We agree. We therefore further modify the judgment by vacating the sixth decretal paragraph and direct the court upon remittal to determine the issue of health insurance benefits for the parties' unemancipated child in accordance with section 240 (1) (d).

In addition, we agree with defendant that the court erred in awarding plaintiff $2,000 in counsel fees "without the submission of an affidavit from her attorney" (*Kalish v Kalish*, 289 AD2d 202, 203 [2001]). We therefore further modify the judgment by vacating that part of the 18th decretal paragraph awarding the amount of $2,000 in counsel fees and further direct the court upon remittal to determine the issue of the amount of counsel fees to be awarded "after the filing of appropriate affidavits" (*id.*). We have considered the remaining contentions raised by defendant on his appeal and conclude that they are without merit.

On her cross appeal, plaintiff challenges the 17th decretal paragraph insofar as it provides that "the parties shall repay any pension overpayment pursuant to the [*Majauskas*] formula" (*see Majauskas v Majauskas*, 61 NY2d 481 [1984]). The parties agree that there was no overpayment of pension benefits but only an overpayment of benefits under defendant's disability insurance policy prior to February 1996. Because it is not clear whether the court intended plaintiff to pay a portion of that overpayment as a marital debt, we therefore further modify the judgment by vacating that part of the 17th decretal paragraph concerning repayment of any pension overpayment, and we direct the court upon remittal to provide the requisite clarification of that issue. We have considered the remaining contentions of plaintiff on her cross appeal and conclude that they are without merit. Present—Wisner, J.P., Hurlbutt, Scudder and Kehoe, JJ.