In the Matter of IRVING BARTHOLOMAY, Respondent, v MARY BARTHOLOMAY, Appellant. [784 NYS2d 763]—Case held, decision reserved, counsel's motion to be relieved of assignment granted and new counsel to be assigned. Memorandum: Family Court granted the objections of petitioner to the order of the Hearing Examiner that denied in part his petition to terminate

his child support obligation. In its order, Family Court terminated petitioner's child support obligation, directed respondent to return to petitioner any overpayments of support in a payment schedule to be determined by the Hearing Examiner and remitted the case to the Hearing Examiner for a determination of respondent's ability to pay support. Respondent's assigned counsel has moved to be relieved of the assignment and has submitted a brief in which he concludes that there are no nonfrivolous issues meriting this Court's consideration. The record reveals that respondent's counsel has a conflict of interest that requires the assignment of new appellate counsel. Further, "[t]here is a 'strong public policy against restitution or recoupment of support overpayments' " (*Matter of Niewiadomski v Dower*, 286 AD2d 948 [2001]). The issue of the propriety of Family Court's determination regarding recoupment was not addressed in the brief of respondent's counsel and represents a nonfrivolous issue for appeal. Accordingly, we relieve counsel of his assignment and assign new counsel to brief that issue as well as any other issues that counsel's review of the record may disclose. (Appeal from Order of Family Court, Oneida County, Frank S. Cook, J.—Child Support.) Present—Pigott, Jr., P.J., Green, Pine and Hurlbutt, JJ.