■ DIANE THERESE FLANIGEN-ROAT, Respondent, v GERALD EDWARD ROAT, Appellant. [794 NYS2d 264]—

Appeal from a judgment of the Supreme Court, Erie County (John F. O'Donnell, J.), entered December 5, 2003 in a matrimonial action. The judgment determined the financial issues of the parties.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the first decretal paragraph and providing in the 10th decretal paragraph that plaintiff shall pay the sum of $177,000 to defendant as equitable distribution of plaintiff's enhanced earnings and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff, an ophthalmologist, and defendant, a certified public accountant, were married on August 25, 1984 and have three children, the first of whom was born in August 1988. At the time of the marriage, plaintiff had completed medical school and, in 1985, the parties moved to Detroit for plaintiff to begin her residency. In the summer of 1989, the parties moved back to Buffalo, and plaintiff commenced this divorce action in September 1999.

We agree with defendant that Supreme Court abused its discretion in awarding him only 5% of plaintiff's enhanced earnings, and we conclude that defendant is entitled to 20% of plaintiff's enhanced earnings (*see generally Holterman v Holterman*, 3 NY3d 1, 7-9 [2004]; *Cozza v Colangelo*, 298 AD2d 914, 915-917 [2002]; *Corasanti v Corasanti*, 296 AD2d 831, 832 [2002]). Although plaintiff had finished medical school at the time the parties were married, she had a one-year internship and then a three-year residency to complete while the parties were married. The parties moved to Detroit for plaintiff to begin her residency. At the time of the move, defendant had been working in a Buffalo accounting firm for several years, and his career track was interrupted by the move. He could not find a job in auditing in Detroit, so he accepted a job in taxation. During her three years of residency, plaintiff worked long hours and

was often on call. Although defendant was working full-time, he did the bulk of the household duties because plaintiff was at work for long hours. Defendant stopped working full-time in 1988 to pursue his master's degree, but he continued to work part-time. When he completed his degree, he did not return to work because the parties decided that he would stay home to care for the parties' first child. Defendant eventually returned to work full-time when the parties moved back to Buffalo. Contrary to the court's determination, it was uncontradicted that defendant made both economic and significant noneconomic contributions to the marriage while plaintiff attained her medical license. We modify the judgment, therefore, by providing in the 10th decretal paragraph that plaintiff shall pay the sum of $177,000 to defendant as equitable distribution of plaintiff's enhanced earnings, which represents 20% of the stipulated value of that asset.

Contrary to defendant's contention, the court properly determined that defendant must continue to pay for a portion of the tuition for the children's parochial grammar school, as agreed to by the parties during the marriage. We agree with defendant, however, that the amount of child support ordered by the court is not in accordance with the Child Support Standards Act (CSSA) (*see Holterman*, 3 NY3d at 10-11; *Matter of Cassano v Cassano*, 85 NY2d 649, 653-654 [1995]). The court ordered defendant to pay 29% of his gross income, less statutory deductions, up to $80,000 for child support. The court thus did not apply "each parent's respective portion of the total income to reach the amount of each parent's support obligation" (*Holterman*, 3 NY3d at 11; *see Cassano*, 85 NY2d at 653). Moreover, where, as here, the combined parental income is above $80,000, the court must " 'determine the amount of child support for the amount of the combined parental income in excess of [$80,000] through consideration of the factors set forth in paragraph (f) of [Domestic Relations Law § 240 (1-b)] and/or the child support percentage' " (*Holterman*, 3 NY3d at 11, quoting § 240 [1-b] [c] [3]). We further modify the judgment, therefore, by vacating the first decretal paragraph, and we remit the matter to Supreme Court to determine defendant's child support obligation in compliance with the CSSA (*see Rzepecki v Rzepecki*, 6 AD3d 1134 [2004]). Finally we have considered defendant's remaining contentions and conclude that they are without merit. Present—Green, J.P., Hurlbutt, Kehoe, Smith and Hayes, JJ.