■ In the Matter of MICHELE MALECKI, Respondent, v THOMAS FERNANDEZ, Appellant. [809 NYS2d 316]—

Appeal from an order of the Family Court, Oneida County (Frank S. Cook, J.), entered January 20, 2004 in a proceeding pursuant to Family Court Act article 4. The order denied respondent's objections to an amended order of the Support Magistrate.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting objection No. III in part and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Oneida County, for further proceedings in accordance with the following memorandum: Respondent appeals from an order of Family Court that denied his objections to an amended order of the Support Magistrate. The Support Magistrate had found respondent in willful violation of an order of support dated February 8, 1999 based on his failure since that time to disclose to petitioner a dramatic increase in his income. The Support Magistrate further granted petitioner an upward modification of child support based upon a change of circumstances, i.e., the increase in respondent's income as well as an increase in the needs and expenses of the parties' child in her teenage years. Finally, the Support Magistrate found that respondent had perpetrated a fraud upon the court by submitting an altered tax return and false affidavits in which respondent

had grossly understated his income, and the Support Magistrate referred respondent to "a Family Court Judge with a recommendation that he be held in contempt of Court as a result of his conduct herein, with the appropriate sanctions to be determined by the Family Court Judge." By the order on appeal, the matter was placed on Family Court's calendar and, after respondent took the instant appeal, the court adjudicated respondent in contempt of court and fined him $1,000 pursuant to Judiciary Law § 750 for altering his tax return and submitting it to the Support Magistrate.

We conclude that the court "properly granted [petitioner's] application for an upward modification of child support" (*Terrell v Terrell*, 299 AD2d 810, 811 [2002]). "The court properly based its finding of changed circumstances on the increased needs of the child due to special circumstances and the additional activities of an older child, the increased cost of living insofar as it resulted in greater expenses for the child, a substantial improvement in the financial condition of [respondent], and the current and prior lifestyles of the child" (*id.; see Matter of Rosenthal v Buck*, 281 AD2d 909, 909-910 [2001]; *see also Matter of Pringle v Pringle*, 283 AD2d 966, 967 [2001]). We conclude, however, that neither the record nor the court's "record articulation" (*Matter of Cassano v Cassano*, 85 NY2d 649, 655 [1995]) is sufficient to support the court's application of the Child Support Standards Act (CSSA) percentage to all of the combined parental income in excess of $80,000. As we have previously determined, "blind application of the statutory formula to [combined parental income] over $80,000, without any express findings or record evidence of the children's actual needs, constitutes an abdication of judicial responsibility and renders meaningless the statutory provision setting a cap on strict application of the formula" (*Matter of Panossian v Panossian*, 201 AD2d 983, 983 [1994]; *see Matter of Niagara County Dept. of Social Servs. v C.B.* [appeal No. 3], 234 AD2d 897, 899 [1996]; *see generally* Family Ct Act § 413 [1] [c] [3]; [f]; *Cassano*, 85 NY2d at 654-655). We modify the order accordingly, and we remit the matter to Family Court to determine respondent's past and prospective child support obligation in compliance with the CSSA following a further hearing, if necessary (*see Flanigen-Roat v Roat*, 17 AD3d 1093, 1094 [2005]; *Rzepecki v Rzepecki*, 6 AD3d 1134, 1135 [2004]).

Respondent's challenges to the court's contempt adjudication are not properly before us. The contempt adjudication and fine are not set forth in the order on appeal, and respondent has not taken an appeal from the contempt order. This is not a situation

in which the notice of appeal was prematurely filed or inaccurately describes the order on appeal (*cf.* CPLR 5520 [c]). Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.