In the Matter of DEMETRIUS B. and Others, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; VERNON B., Appellant. [813 NYS2d 611]—

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered June 20, 2005 in a proceeding pursuant to Family Court Act article 10. The order adjudged that the children are neglected children.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to the contention of respondent, we conclude that petitioner established by a preponderance of the evidence that respondent neglected the four children named in the petition (*see* Family Ct Act § 1046 [b] [i]), i.e., that their "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [respondent] to exercise a minimum degree of care . . . in providing [them] with proper supervision or guardianship" (§ 1012 [f] [i] [B]). Petitioner presented evidence establishing that, after respondent was arrested and incarcerated, his only plan to care for the four children who had been in his custody before his incarceration was to have his 20-year-old stepdaughter, who did not reside in the household, assist the

two teenaged children, ages 14 and 15, in preparing the two younger children, ages 7 and 12, for school each morning and in providing them with food. Respondent made no economic provisions for the benefit of the children, nor did he provide the purported guardian named by him with any authorization for the health care of the children. Although we agree with respondent that Family Court erred in permitting a witness to testify with respect to prior complaints concerning respondent that had been filed with petitioner, we conclude that the error in the admission of that testimony is of no moment because the admissible evidence of neglect presented by petitioner is overwhelming. We reject respondent's further contention that this proceeding is barred by res judicata. Even assuming, arguendo, that the petition herein contains the same allegations as the prior neglect petition (cf. *Matter of Krista I. v Gregory I.*, 8 AD3d 696, 698 [2004]), we conclude that res judicata does not apply because the dismissal of the prior petition was not on the merits (*see Jourdan v Nettleton*, 275 AD2d 80, 84 [2000]). Finally, the contention of respondent that the court erred in refusing to allow visitation while he was incarcerated is moot because he is no longer incarcerated. Present—Kehoe, J.P., Gorski, Martoche, Green and Hayes, JJ.