◼ In the Matter of ANNETTE M.R., Appellant, v JOHN W.R., Respondent. [845 NYS2d 616]—

Appeal from an order of the Family Court, Wayne County (Dennis M. Kehoe, J.), entered August 2, 2005 in a proceeding pursuant to Family Court Act article 4. The order granted respondent's objections to an order of the Support Magistrate, reinstated the prior order of support entered October 19, 2002, and permitted respondent to recoup overpayments in child support.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the provision permitting respondent to recoup overpayments in child support and as modified the order is affirmed without costs.

Memorandum: Petitioner mother commenced this proceeding seeking an upward modification of a prior child support order. The Support Magistrate increased respondent father's child support obligation but Family Court thereafter granted the objections of the father to the Support Magistrate's order and restored his prior child support obligation. Contrary to the mother's contention, the court properly granted the father's objections. It is well settled that, before a court may modify a prior order of child support, the party seeking the modification must demonstrate "an unanticipated and unreasonable change of circumstances, and a concomitant showing of need, warranting an increase in child support in the best interests of the child[ ]" (*Matter of Pringle v Pringle*, 283 AD2d 966, 967 [2001]; *see Terrell v Terrell*, 299 AD2d 810, 811 [2002]; *see generally Matter of Malecki v Fernandez*, 24 AD3d 1214, 1215 [2005]). Here, based on the evidence in the record before us, we conclude that the mother failed to establish a sufficient change in circumstances.

We further conclude, however, that the court erred in permitting the father to recoup overpayments in child support made in the interim between the Support Magistrate's order and the order granting the father's objections, and we therefore modify the order accordingly. "There is a 'strong public policy against restitution or recoupment of support overpayments' " (*Matter of Niewiadomski v Dower* [appeal No. 1], 286 AD2d 948, 948 [2001]). Although recoupment may be permissible under limited circumstances (*see generally Tuchrello v Tuchrello*, 233 AD2d 917 [1996]), no such circumstances are presented here. We note that the father had recouped a percentage of the overpayments before this Court stayed execution of that part of the order on appeal and that, by our decision herein, we are affirming that part of the order restoring the father's support obligation to $191 per week. In light of our decision, which in effect cancels the overpayments, we further note that the mother should not be permitted to seek arrearages for the period between the filing of the order on appeal and the issuance of this Court's order staying execution of that part of the order.

We have considered the mother's remaining contention and conclude that it is without merit. Present—Gorski, J.P., Smith, Centra, Fahey and Green, JJ.