■ In the Matter of Tonya A. Duma, Respondent, v William D. Edgar, Appellant. [873 NYS2d 747]—

Lahtinen, J. Appeal from an order of the Family Court of Fulton County (Jung, J.), entered November 21, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior order of support.

In 2002, ostensibly because respondent was a full-time student, the parties consented to an order of support requiring respondent to pay child support in the amount of $25 per month, in addition to $15 per month in arrears. Additionally, respondent was obligated to inform petitioner and the local support collection unit when he became employed. In February 2007, petitioner commenced this proceeding seeking an upward modification of respondent's child support obligation contending, among other things, that the children's needs had increased and, since entry of the prior order, respondent had been gainfully employed and failed to make the required notifications. When respondent proved to be less than forthcoming with the court-ordered disclosure, petitioner moved for an order of preclusion, which Family Court granted to the extent of ordering that "issues to which [r]espondent's financial information is relevant shall be deemed to be resolved in favor of [p]etitioner." At the conclusion of the hearing that followed, the Support Magistrate granted petitioner's application and, among other things, awarded child support in the amount of $122.62 per week, plus an additional $10 per week toward arrears. Family Court dismissed respondent's objections thereto, prompting this appeal.

Respondent, as so limited by his brief, contends only that the Support Magistrate erred in precluding him from presenting proof as to his financial circumstances at the time of the support hearing. We cannot agree. Although respondent did file two sworn financial disclosure affidavits (see Family Ct Act § 424-a), the first filing contained no information whatsoever; no income, assets, expenses or liabilities were listed, and respondent failed to submit any wage or tax information. Respondent's second disclosure affidavit and his response to petitioner's interrogatories fared no better, reciting only a few expenses and an unspec-

ified amount of student loan proceeds. Additionally, during his two pretrial appearances before the Support Magistrate, respondent professed complete ignorance of his financial situation and, despite being warned as to the consequences of failing to comply with discovery demands and being granted an adjournment of more than a month to comply, provided only vague and evasive responses to the Support Magistrate's repeated inquiries.

While the remedy of preclusion indeed should be reserved for those instances where "the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious" (*Maillard v Maillard*, 243 AD2d 448, 449 [1997]), such conduct may be inferred where, as here, there was no meaningful attempt to comply with disclosure and an entirely inadequate excuse for such failure (*see Getty v Zimmerman*, 37 AD3d 1095, 1096-1097 [2007]). Hence, under these circumstances, we cannot say that the Support Magistrate abused her discretion in resolving the financial issues in favor of petitioner (*see generally Lotardo v Lotardo*, 31 AD3d 504, 505 [2006]). In any event, a review of the hearing transcript reveals that respondent was allowed to testify as to his current course of study, as well as what little he could recall of his employment history.

Mercure, J.P., Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.