# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

606

CA 15-01373

PRESENT: WHALEN, P.J., CARNI, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

PARAMITA BANDYOPADHYAY, NOW KNOWN AS PARAMITA
SARKAR, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

REBANTA BANDYOPADHYAY, DEFENDANT-RESPONDENT.

---

SERCU & SERCU, LLP, PITTSFORD (MARILEE GREEN SERCU OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

TREVETT CRISTO SALZER & ANDOLINA P.C., ROCHESTER (JAMES A. VALENTI OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

KIMBERLY WEISBECK, ATTORNEY FOR THE CHILDREN, ROCHESTER.

-------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Kenneth
R. Fisher, J.), entered December 10, 2014.  The order, among other
things, determined the child support obligation of plaintiff.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law and in the exercise of discretion by
awarding defendant child support in the amount of $378.84 per week and
vacating the 8th, 9th and 12th ordering paragraphs, and as modified
the order is affirmed without costs.

Memorandum:  As limited by her brief, plaintiff mother appeals
from that part of an order directing her to pay defendant father child
support in the amount of $441 per week, plus 57% of whatever bonus
income she might receive from her employment, minus credits for the
costs of airline travel for her and their children to Texas.  We
conclude that Supreme Court failed to "articulate[] a proper basis for
applying the Child Support Standards Act [CSSA] to the combined
parental income in excess of the statutory cap (*see* [Domestic
Relations Law] § 240 [1-b] [c] [2], [3]; *Wideman v Wideman*, 38 AD3d
1318, 1319 [2007]; *Corasanti v Corasanti*, 296 AD2d 831, 831 [2002])"
(*Martin v Martin*, 115 AD3d 1315, 1316).  We further conclude that the
record affords no support for the court's determination to apply the
child support percentage to the total combined parental income
exceeding the $141,000 per year cap (*see* § 240 [1-b] [c] [1] - [3];
*see also* Social Services Law § 111-i [2] [b]).  We particularly note
that the court made no factual finding that the children have
financial needs that would not be met unless child support were
ordered to be paid out of parental income in excess of $141,000 and
that, even if the court had made such a finding, there is no evidence

in the record to support it (*see Irene v Irene* [appeal No. 2], 41 AD3d 1179, 1181; *Costanza v Costanza* [appeal No. 2], 199 AD2d 988, 990-991).  "[B]lind application of the statutory formula to [combined parental income] over [$141,000], without any express findings or record evidence of the children's actual needs, constitutes an abdication of judicial responsibility and renders meaningless the statutory provision setting a cap on strict application of the formula" (*Antinora v Antinora*, 125 AD3d 1336, 1337 [internal quotation marks omitted]; *see Matter of Malecki v Fernandez*, 24 AD3d 1214, 1215).

In the exercise of our discretion, we fix plaintiff's basic child support obligation on the basis of the combined parental CSSA income up to the cap amount, as follows:  We adopt the court's finding that the mother has CSSA income of $96,428.  We adopt the court's finding that the mother, in her current job, has no history of bonuses upon which any additional income might be imputed to her beyond her base salary.  We find that the father has CSSA income of $74,664.  We determine on the basis of the foregoing findings that the combined parental CSSA income is $171,092.  We thus find that the mother's pro rata share of the combined parental income is 56.36%.  We apply that multiplier, as well as the CSSA percentage of 25% for two unemancipated children, to the $141,000 cap amount.  We thus determine that the mother's basic child support obligation is $19,726 per year, or $378.84 per week.  We modify the 7th ordering paragraph of the order accordingly, and we vacate the 8th, 9th and 12th ordering paragraphs.

Entered:  July 1, 2016                    Frances E. Cafarell
                                          Clerk of the Court