Benedict v Benedict (2019 NY Slip Op 01042)





Benedict v Benedict


2019 NY Slip Op 01042


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1417 CA 18-00077

[*1]JACQUELYN BENEDICT, PLAINTIFF-RESPONDENT,
v
TIMOTHY BENEDICT, DEFENDANT-APPELLANT. 






TIMOTHY A. BENEDICT, ROME, DEFENDANT-APPELLANT PRO SE.
EISENHUT & EISENHUT, UTICA (CLIFFORD C. EISENHUT OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered April 3, 2017. The judgment, among other things, granted the parties a divorce and determined the issues of child custody, child support, spousal maintenance and the equitable distribution of marital property. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law and in the exercise of discretion by vacating the eighth, tenth and eleventh decretal paragraphs and substituting therefor the respective provisions directing that, for the period from May 2, 2013 to May 2, 2014, defendant's child support obligation is $15,490.40 per year or $1,290.87 per month; for the period from May 2, 2014 to April 1, 2016, defendant's child support obligation is $15,101.10 per year or $1,258.43 per month; and for the period from April 1, 2016 forward, defendant's child support obligation is $15,315.30 per year or $1,276.28 per month, and striking from the fifteenth decretal paragraph the child support sum of $1,455.47 and substituting therefor the sum of $1,276.28, and as modified the judgment is affirmed without costs.
Memorandum: Defendant father appeals from a judgment of divorce entered following a trial that, among other things, awarded plaintiff mother sole legal and physical custody of the parties' child and directed the father to pay child support, maintenance and attorney's fees to the mother.
We reject the father's contention that Supreme Court erred in failing to award joint legal custody of the child. Joint custody is inappropriate where, as here, " the parties have an acrimonious relationship and are unable to communicate with each other in a civil manner' " (Matter of Kleinbach v Cullerton, 151 AD3d 1686, 1687 [4th Dept 2017]; see Leonard v Leonard, 109 AD3d 126, 128 [4th Dept 2013]). The record establishes that, although the parties could sometimes effectively communicate with each other, most of their interactions were acrimonious, and that the father physically and emotionally abused the mother. Thus, the court's determination that joint legal custody is inappropriate has a sound and substantial basis in the record (see Kleinbach, 151 AD3d at 1687; see also Matter of Christopher J.S. v Colleen A.B., 43 AD3d 1350, 1350-1351 [4th Dept 2007]; see generally Forrestel v Forrestel, 125 AD3d 1299, 1299 [4th Dept 2015], lv denied 25 NY3d 904 [2015])
Contrary to the father's contention, the record also supports the court's determination that it was in the child's best interests to award sole legal and physical custody to the mother and to deny him any extended weekend and holiday visitation (see generally Matter of Abdo v Ahmed, 162 AD3d 1742, 1743 [4th Dept 2018]; Matter of Terramiggi v Tarolli, 151 AD3d 1670, 1672 [4th Dept 2017]). Evidence of the father's temper and acts of domestic violence against the mother and his other children demonstrates that he possesses " a character [that] is ill-suited to the difficult task of providing [his] young child[ ] with moral and intellectual guidance' " (Matter of Tin Tin v Thar Kyi, 92 AD3d 1293, 1293 [4th Dept 2012], lv denied 19 NY3d 802 [2012]).
The father further contends that the court erred in imposing a sanction pursuant to CPLR 3126 precluding him from introducing evidence at trial of the income he generated from his law firm. The court imposed that sanction only after the father violated a discovery order compelling production of his law firm's business ledgers, he was held in criminal contempt as a result of that violation, and he failed to produce those documents after being afforded an opportunity to purge himself of contempt. Based on the father's willful failure to disclose the business ledgers, we conclude that the court did not abuse its discretion in imposing a preclusion sanction (see CPLR 3126 [2]; Matter of Duma v Edgar, 58 AD3d 1085, 1086 [3d Dept 2009]; see generally Perry v Town of Geneva, 64 AD3d 1225, 1226 [4th Dept 2009]). We also reject the father's contention that the mother was not entitled to disclosure of the business ledgers because he produced over 1,800 pages of financial documents. The mother was entitled to disclosure of the business ledgers because the court ordered that disclosure following its proper determination that those ledgers were relevant to her claims for maintenance, child support, and attorney's fees (see generally CPLR 3101 [a]; Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; Gromoll v Bertolino, 4 AD3d 759, 759 [4th Dept 2004]).
We agree with the father however that, in determining his child support obligation, the court erred in applying the Child Support Standards Act (CSSA) to the combined parental income in excess of the statutory cap (see Domestic Relations Law § 240 [1-b] [c] [2], [3]). It is well settled that "blind application of the statutory formula to [combined parental income] over [the statutory cap], without any express findings or record evidence of the [child's] actual needs, constitutes an abdication of judicial responsibility and renders meaningless the statutory provision setting a cap on strict application of the formula" (Antinora v Antinora, 125 AD3d 1336, 1338 [4th Dept 2015] [internal quotation marks omitted]; see Bandyopadhyay v Bandyopadhyay, 141 AD3d 1099, 1100 [4th Dept 2016]; Matter of Malecki v Fernandez, 24 AD3d 1214, 1215 [4th Dept 2005]). Here, in awarding child support on income above the statutory cap, the court considered only the father's financial situation. "[T]he court made no factual findings that the child[ ] [had] financial needs that would not be met unless child support were ordered to be paid out of parental income in excess of [the statutory cap]," and we conclude that, "even if the court had made such a finding, there is no evidence in the record to support it" (Bandyopadhyay, 141 AD3d at 1100). Therefore, in the exercise of our discretion, we fix the father's basic child support obligation on the basis of the combined parental CSSA income up to the cap amount, and we modify the judgment by vacating the eighth, tenth and eleventh decretal paragraphs and substituting therefor the respective provisions directing that, for the period from May 2, 2013 to May 2, 2014, the father's child support obligation is $15,490.40 per year or $1,290.87 per month; for the period from May 2, 2014 to April 1, 2016, the father's child support obligation is $15,101.10 per year or $1,258.43 per month; and for the period from April 1, 2016 forward, the father's child support obligation is $15,315.30 per year or $1,276.28 per month (see Bandyopadhyay, 141 AD3d at 1100-1101). Thus, we further modify the judgment by striking from the fifteenth decretal paragraph the child support sum of $1,455.47 and substituting therefor the sum of $1,276.28.
Contrary to the father's contention, we conclude that the court did not abuse its discretion in awarding attorney's fees to the mother inasmuch as the father was the monied spouse and he engaged in dilatory conduct (see Blake v Blake, 83 AD3d 1509, 1509 [4th Dept 2011]; cf. D'Amato v D'Amato, 132 AD3d 1424, 1425 [4th Dept 2015]). Finally, we have reviewed the father's remaining contentions and conclude that they lack merit.
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court