Matter of April L.S. v Joshua F. (2019 NY Slip Op 04573)





Matter of April L.S. v Joshua F.


2019 NY Slip Op 04573


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND TROUTMAN, JJ.


555 CAF 18-00418

[*1]IN THE MATTER OF APRIL L.S., ON BEHALF OF CHASE F., PETITIONER-RESPONDENT,
v
JOSHUA F., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






DAVIS LAW OFFICE PLLC, OSWEGO (STEPHANIE N. DAVIS OF COUNSEL), FOR RESPONDENT-APPELLANT.
MICHAEL G. CIANFARANO, OSWEGO, FOR PETITIONER-RESPONDENT. 
WALTER J. BURKARD, MANLIUS, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Oswego County (Kimberly M. Seager, J.), entered January 4, 2018 in a proceeding pursuant to Family Court Act article 8. The order granted the petition for an order of protection. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, respondent father appeals from an order of protection directing him to stay away from the subject child, except for periods of court-ordered supervised visitation, for a period of five years. In appeal No. 3, the father appeals from an order that, inter alia, granted petitioner mother's custody petition by awarding her sole legal and physical custody of the child with one hour of supervised visitation biweekly to the father. We affirm in both appeals.
Contrary to the father's contention in appeal No. 1, Family Court did not err in issuing an order of protection with a duration of five years based upon its finding of "aggravating circumstances" arising from the father's repeated violation of a prior order of protection (Family Ct Act § 842; see § 827 [a] [vii]; Matter of White v Byrd-McGuire, 163 AD3d 1413, 1414 [4th Dept 2018]).
We reject the father's contention in appeal No. 3 that the court erred in limiting the father's visitation to one hour every other week. It is well settled that "visitation issues are determined based on the best interests of the child[ ] . . . and . . . trial courts have broad discretion in fashioning a visitation schedule" (D'Ambra v D'Ambra [appeal No. 2], 94 AD3d 1532, 1534 [4th Dept 2012] [internal quotation marks omitted]; see Matter of Terramiggi v Tarolli, 151 AD3d 1670, 1672 [4th Dept 2017]). Furthermore, "a court's determination regarding . . . visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (Matter of Guillermo v Agramonte, 137 AD3d 1767, 1769 [4th Dept 2016] [internal quotation marks omitted]). In making that determination, and "in providing for visitation that will be meaningful, the frequency, regularity[,] and quality of the visits must be considered [and] [e]xpanded visitation is generally favorable absent proof that such visitation is inimical to a child's welfare" (Matter of Fish v Fish, 112 AD3d 1161, 1162 [3d Dept 2013] [internal quotation marks omitted]; see Matter of Nathaniel T., 97 AD2d 973, 974 [4th Dept 1983]). Nevertheless, although "both the child[ ] and [a] noncustodial parent have a right to meaningful visitation" (Fish, 112 AD3d at 1162; see Matter of Tropea v Tropea, 87 NY2d 727, 738 [1996]; Szemansco v Szemansco, 296 AD2d 686, 687 [3d Dept 2002]), we conclude here [*2]that "there is a sound and substantial basis in the record to support the court's determination that it was in the child's best interests" to restrict the father's visitation (Matter of Brewer v Soles, 111 AD3d 1403, 1404 [4th Dept 2013]; see Matter of Noble v Gigon, 165 AD3d 1640, 1640-1641 [4th Dept 2018]).
The father further contends in appeal No. 3 that he was improperly denied visitation while incarcerated in state prison. Assuming, arguendo, that the father's contention is preserved for our review by his attorney's request for such visitation during closing arguments with respect to the mother's custody petition, that contention is moot inasmuch as the father is no longer incarcerated (see generally Matter of Ryan M.B. v Mary R., 43 AD3d 1304, 1304 [4th Dept 2007]; Matter of Demetrius B., 28 AD3d 1249, 1250 [4th Dept 2006], lv denied 7 NY3d 707 [2006]).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court